# Richmond

## George A. Revercomb, Jr., Receiver of Alleghany Land Company, Inc. v. F. E. Dillard, Clerk of the Circuit Court of Alleghany County, Virginia.

June 9, 1947.

Record No. 3199.

Present, All the Justices.

The opinion states the case.

*George A. Revercomb, Jr.*, for the plaintiff in error.

*T. Moore Butler*, for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

The sole question for our determination, in this case, is whether the Alleghany Land Company, Inc., is entitled, under section 282 of the Tax Code of Virginia, as amended in 1942, to be released from taxes assessed on 5,025.3 acres of its land in Alleghany county, Virginia, for the years 1916 to 1922, inclusive.

Section 282 of the Tax Code of Virginia, (Acts of 1942, chapter 92) reads as follows:

"LIENS UPON REAL ESTATE FOR CERTAIN TAXES AND LEVIES RELEASED:—All liens upon real estate for taxes and levies due and payable to the Commonwealth or any political sub-division thereof prior to the first day of January, nineteen hundred and twenty-three, are hereby released.

"The right, title and interest of the Commonwealth of Virginia in and to all real estate sold for taxes and levies assessed prior to the first day of January, nineteen hundred and twenty-three, which real estate has been purchased by the Commonwealth and not resold, is hereby unconditionally released unto and vested by operation of law in the person or persons who owned the real estate at the time the Com-

monwealth so acquired title, or persons claiming, or to claim, by, through or under them; provided, however, that nothing herein contained shall invalidate or release any lien for taxes and levies for any year between January first, nineteen hundred and sixteen, and January first, nineteen hundred and twenty-three, where such liens on the date this act becomes effective are being asserted and enforced in a chancery cause then pending.

"On and after July first, nineteen hundred and forty-four, no clerk of any court in Virginia shall make a tax deed conveying to any person any real estate sold for delinquent taxes or levies assessed prior to January first, nineteen hundred and twenty-three."

An amendment to section 282 of the Tax Code in 1946 provides for the release of liens upon real estate for all taxes delinquent for twenty or more years instead of confining such release to taxes accrued prior to January 1, 1923, (Acts 1946, chapter 360). It is conceded that the amendment has no application in this case.

In 1940, in a case pending in the United States Court for the Western District of Virginia, under the title of "United States of America v. 5,135.9 Acres of Land, in Alleghany County, Virginia, Dr. T. A. Parker, et al.," the United States condemned and took title to a tract of land, in the aforesaid county, containing 5,025.3 acres.

The 5,025.3 acres were a part of a tract of land containing 30,000 acres which had been assessed for many years in the name of the Alleghany Land Company. Some of the land in the larger tract was, however, claimed by several separate persons. The Federal Court entered an order holding that the 5,025.3 acres were owned in fee by the Alleghany Land Company. It directed that, upon the payment of the sum of $10,050.60 by the United States into the registry of that court, title to the 5,025.3 acres should be absolutely vested in the United States of America, in fee simple; that the interest or estate of the owner in said land should thereby terminate and that the owner should have such interest or estate in the compensation as it had in the property taken; and that "all

liens by deeds of trust, judgments, or otherwise upon said properties or estates shall be transferred to such money so paid into court." U. S. C. A., Title 16, sections 517, 517a; U. S. C. A., Title 40, section 258a; Virginia Code, 1942 (Michie), section 4374.

The United States paid the award assessed against it into the registry of the court on June 26, 1940.

In June, 1941, Alleghany County, Virginia, instituted a chancery suit, in the circuit court of that county, against Alleghany Land Company, Inc., and others, for the purpose of having a receiver appointed for the corporation, whose charter had been revoked and annulled in 1923, and for the collection of $20,220.15, delinquent taxes, with penalties and interest, charged against the land company.

The bill prayed that a receiver be appointed to take into his charge and possession all of the assets of the land company, and that he "be required to file his petition in the condemnation case now pending in Lynchburg, Virginia, to-wit: 'United States of America v. 5,135.9 Acres of Land in Alleghany County, Virginia, T. A. Parker, et als., No. 34 Civil,' and there claim on behalf of said corporation any funds that may be adjudged to belong to said Alleghany Land Company, Incorporated, a Virginia corporation, or those claiming under or through it, and out of the assets of said corporation pay off the taxes due to your complainant and the State of Virginia, the costs," etc.

The plaintiff in error, George A. Revercomb, Jr., was appointed receiver. Upon a hearing of the cause in the circuit court, the land company was, by decree entered on March 19, 1944, exonerated from the payment of taxes, interest and penalties on the said 30,000 acres, except upon 5,025.3 acres, taken by the United States of America in the condemnation case, and an additional 1,968.14 acres. The decree recited that out of the fund in the condemnation case there had been paid the sum of $4,371.72 directly to the Clerk of the Circuit Court of Alleghany county, for taxes, interest and penalties on the 5,025.3 acres, for a period from June, 1916 to June, 1940, inclusive. The payment was made by the

United States Court upon the presentation of a statement of taxes for that amount from the clerk of the circuit court.

On June 15, 1945, the receiver instituted this proceeding by filing his petition in the Circuit Court of Alleghany county, wherein he alleged that of the sum of $4,371.32 paid to the clerk of the circuit court, the sum of $1,096.73 was erroneously paid for the years 1916 to 1922, inclusive, and prayed that the clerk be directed to pay over to the receiver the amount erroneously received. Payment to the clerk of the balance of $4,371.72, covering taxes for the years 1923 to 1940, inclusive, was not contested.

For grounds of recovery he alleged that there was no suit pending to assert and enforce any lien for taxes on the 5,025.3 acres when section 282 of the Tax Code of Virginia, as amended in 1942, became effective; that the chancery suit instituted in June, 1941, was a suit to collect taxes on 30,000 acres and did not relate to the 5,025.3 acres because title to the smaller portion had become vested in the United States in June, 1940, and it was no longer subject to a lien for taxes; that no suit or action was necessary to collect taxes on the land condemned, or to enforce any lien therefor as the taxes were required by law to be paid before the funds in the condemnation case could be disbursed; that, consequently, they were not paid in or through the chancery suit, but irrespective of that suit; and that the chancery suit was brought to subject the residue of the funds in the condemnation case to the payment of taxes alleged to be due on land other than the 5,025.3 acres after deducting from that fund the proper amount for taxes due on the 5,025.3 acres.

Alleghany county, without answering, moved to dismiss the petition. No evidence was taken. The case was heard on the petition and certain exhibits.

From a judgment denying the receiver right to recover and dismissing his petition, this appeal was taken.

It is conceded that the language of section 282 of the Tax Code of Virginia, 1942, is clear and unambiguous. It remains only to determine whether the suit instituted by Alleghany county in June, 1941, prior to the effective date of section 282 of the Tax Code of Virginia, 1942,

measures up to the requirement of a chancery suit to assert and enforce the liens claimed by the county against the 5,025.3 acres condemned.

The bill in chancery of the county alleged that the Alleghany Land Company, Incorporated, owned 30,000 acres of land in Alleghany county, upon which there were delinquent and unpaid taxes, penalties and interest amounting to $20,220.15, for the years 1916-1940, inclusive; that the United States had acquired 5,135.9 acres of the 30,000 acre-tract; that there was a cloud on the title of the 5,135.9 acre tract by reason of several claimants thereto, and if the Federal Court should determine the title to be in the Alleghany Land Company, it would be within the power of that company to collect compensation therefor and fail to pay the taxes due thereon; that while the land company owned other lands in Alleghany county, the county could not be assured of collecting the taxes due thereon from the remainder of the assets of the company; that the charter of the company had been revoked in 1923, for non-payment of its annual registration dues as a corporation; and that the taxes, penalties and interest owing to the county by the company should be paid out of any fund which might be provided by the United States as compensation for land of the company taken in the condemnation proceeding.

Then followed the prayer of the bill as hereinbefore recited.

The chancery suit of the county was pending on the date when section 282 of the Tax Code of Virginia, as amended in 1942, became effective. It is clearly apparent that the primary purpose of the suit was to assert and enforce the claim of the county for liens for all delinquent taxes assessed against the company for the years 1916-1940, inclusive. It is equally clear that while the liens were being asserted and sought to be enforced as to 30,000 acres, which included the 5,025.3 acres condemned, they were also being asserted and sought to be enforced against the funds held in the registry of the United States Court as compensation for the 5,025.3 acres.

The prayer of the bill that the receiver of the land company be directed and required to take possession of the assets of the company, and pay the taxes due the county emphasizes the purpose of the suit. That the taxes were subsequently paid by direction of the United States Court directly to the Clerk of the Circuit Court of the county upon a statement of the amount due in no wise nullifies the action of the county in instituting its chancery suit to assert and enforce their collection. Such payment was merely in part satisfaction of the liens claimed.

Section 403 of the Tax Code of Virginia expressly provides remedies for the collection of taxes. It provides that, "The jurisdiction here conferred on courts of equity shall be concurrent with the jurisdiction in action at law, and in such equitable proceedings it shall not be necessary to allege or prove any equitable grounds of jurisdiction." Then after setting out proceedings leading to a judgment, it is further provided that, "Payment of such judgment or decree shall be enforced by appropriate process of execution or attachment in the same manner that it could be enforced in a proceeding between individuals."

Section 282 of the Tax Code of Virginia, as amended in 1942, does not limit the purpose of a chancery suit to enforcement of a tax lien against land only. A tax lien, or judgment thereon, by virtue of section 403 of the Tax Code of Virginia, may be enforced against any property of the lienee. When a lien upon land has been transferred by law and decree of court to money paid into court as compensation for such land, the fund stands as did the land taken. U. S. C. A., Title 40, section 258a; Virginia Code, 1942 (Michie), section 4374.

It is the duty and obligation of every owner to pay taxes on his land. If he claims an exemption, the burden is on him to prove that he comes within the exemption. This burden the plaintiff in eror has not overcome.

We find no error in the judgment of the trial court, and it is accordingly affirmed.

*Affirmed.*