**John SIGONA and Frank Sigona,**
**Plaintiffs,**

**v.**

**Charles SLUSSER, Public Housing Commissioner of the United States,**
**Defendant.**

**No. 5017.**

United States District Court,
D. Connecticut.
Civil Division.

Oct. 4, 1954.

---

Ralph S. Kantrowitz, Bridgeport, Conn., for plaintiffs.

Simon S. Cohen, U. S. Atty., Hartford, Conn., Francis J. McNamara, Jr., Asst. U. S. Atty., Rowagton, for defendant.

ANDERSON, District Judge.

This is a motion to dismiss an action against the Public Housing Commissioner for improper venue. The plaintiffs allege that the plaintiff, John Sigona, a minor, was injured by falling over a pipe that protruded about eighteen inches above the surface of the ground in a housing project owned, operated, and managed by the Public Housing Administration. Charles Slusser, as Commissioner of the Housing Administration, is named as defendant. He contends that the venue is improper because he is not a resident of this district.

The plaintiffs are technically in error in naming the Commissioner as the defendant. Title 42 U.S.C.A. § 1405 (b). However, a suit against the Commissioner in his official capacity is a suit against the Housing Administration. Federal Housing Administration, Region No. 4 v. Burr, 309 U.S. 242, 249, 250, 60 S.Ct. 488, 84 L.Ed. 724; Seven Oaks v. Federal Housing Administration, 4 Cir., 171 F.2d 947, 950. The plaintiffs, therefore, may make the necessary amendment.

The venue is proper. The district of Connecticut is the district in which the cause of action arose, and the Housing Administration was carrying on business in this district.

Under Section 1404a of Title 42 U.S.C.A., the Public Housing Administration may sue and be sued with respect to its functions under Chapter 8 which includes the development and administration of a low rent housing project. The right to sue the administration is limited to this chapter and certain specified sections of Title 42, but this limitation is not sufficient to distinguish the present case from suits brought against the Federal Housing Administration.

"It must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to 'sue or be sued', that agency is not less amenable to judicial process than a private enterprise under like circumstances would be. Clearly the words 'sue and be sued' in their normal connotation embrace all civil process incident to the commencement or continuance of legal proceedings." Federal Housing Administration, Region No. 4 v. Burr, supra [309 U.S. 242, 60 S.Ct. 490].

"If, however, the statute authorizing suit against the Housing Administration be regarded as a mere waiver of immunity, we think that suit within the district was authorized on the ground that the Administration is to be regarded as a public corporation within the meaning of the venue statutes and was suable within the district because engaged in business there." Seven Oaks v. Federal Housing Administration, supra [171 F.2d 949].

Other questions raised in the defendant's brief are not properly before the court on a motion to dismiss on the ground of improper venue.

The motion to dismiss is denied.