Agnes JONES, as Executrix of the Last Will and Testament of Isiah Hansford, deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 20133.

United States District Court E. D. New York.

July 18, 1960.

Veit E. Kaufmann, Jackson Heights, N. Y., for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., for Eastern Dist. of New York, Brooklyn, N. Y., for defendant, William A. Dubrowski, Asst. U. S. Atty., New York City, of counsel.

BARTELS, District Judge.

Motion by defendant to dismiss the complaint herein pursuant to Rule 12(b) (1), Fed.Rules Civ.Proc., 28 U.S.C.A., for lack of jurisdiction over the subject matter and pursuant to Rule 12(b) (6) for failure to state a claim upon which relief may be granted. From the papers it is obvious that only the first objection is pertinent.

Plaintiff is the executrix of a decedent who was a former member of the armed forces of the United States. Between December 1, 1957 and April 30, 1958 defendant issued certain checks for retirement pay to decedent, aggregating $1,142.15. According to the complaint and motion papers these checks, though issued to decedent, were paid by the defendant to unknown third persons without the endorsement or authority of plaintiff's decedent. Plaintiff brought the action under Section 1346(a) (2).[1]

Defendant's motion is grounded on Section 1346(d) which denies such jurisdiction to this Court in the case of a civil action or claim for a pension or compensation for official services of officers or employees of the United States.

Plaintiff apparently relies on Section 1346(a) (2) which provides that the district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

But Section 1346(d) (1) and (2) provides that:

"(d) The district courts shall not have jurisdiction under this section of:

"(1) Any civil action or claim for a pension;

"(2) Any civil action or claim to recover fees, salary, or compensation for official services of officers or employees of the United States."

Under the last mentioned section it is clear that it is immaterial whether this

1. All statutory references herein are to Title 28, U.S.C.A.

action involves a claim for a pension or a claim for retirement pay because in either event this Court has no jurisdiction. In passing, it should be noted that if the action is founded on a claim for a pension the plaintiff is without remedy in either this Court or the Court of Claims because Section 1501 specifically provides that "The Court of Claims shall not have jurisdiction of any claim for a pension." See, Smith v. United States, 4 Cir., 1932, 57 F.2d 998. On the other hand, if the action is founded on a claim for retirement pay the courts have construed the statutes as authorizing a suit for such pay in the Court of Claims. See, Almour v. Pace, 1951, 90 U.S.App.D.C. 63, 193 F.2d 699; Randolph v. United States, D.C.Tex.1946, 69 F.Supp. 156, affirmed 5 Cir., 1946, 158 F.2d 787, certiorari denied 330 U.S. 839, 67 S.Ct. 980, 91 L.Ed. 1286; Lemly v. United States, 1948, 75 F.Supp. 248, 109 Ct.Cl. 760. The basis for the distinction is that a pension claim is a gratuity payment which can be withheld by Congress while a retirement claim is a contractual claim consisting of a continuation of active pay on a reduced basis. Lemly v. United States, supra, 75 F.Supp. at page 249.

Under the circumstances it is unnecessary to pass on whether the claim is for a pension or retirement pay because in neither instance does this Court have jurisdiction. If the claim were based upon some theory of tortious conduct on the part of defendant in paying to a fraudulent endorser checks delivered to decedent it might be possible for plaintiff to institute an action in this Court, in which event the claim would be under the Federal Tort Claims Act, §§ 1346, 2671–2680. Presently, however, the Court has no alternative but to dismiss the complaint, with leave to plaintiff to amend if she deems it advisable.

Settle order within five (5) days on two (2) days' notice.