# Richmond

JOHN M. COURT, ET AL. v. COMMONWEALTH OF VIRGINIA.

November 28, 1966.

Record No. 6316.

Present, All the Justices.

*John M. Court* (*Phelps & Atkinson*, on brief), for the plaintiffs in error.

*William P. Bagwell, Jr., Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for the Commonwealth.

CARRICO, J., delivered the opinion of the court.

Code, § 58-78 (b) (6) excludes from gross income for state income tax purposes:

"Pensions received from the United States or this State on account of military or naval service in armed forces, whether such service was rendered by the recipient of the pension or by a relative by blood or marriage."

Claiming an exemption under the just-quoted statute, John M. Court and Mildred E. Court, the taxpayers, filed a petition seeking relief from the assessment of additional state income taxes for the years 1961, 1962 and 1963 upon "certain monies paid to . . . John M. Court on account of Naval Service in the Armed Forces." (Code, § 58-1130.)

The Commonwealth filed grounds of defense denying that the assessment of additional taxes upon the taxpayers was erroneous.

The trial court confirmed the assessments and dismissed the petition. The taxpayers were granted this writ of error.

A stipulation filed in the trial court showed that "John M. Court, Captain, United States Navy, Retired . . . received from the Department of the Navy, pursuant to 10 U.S.C.A. Section 6323, by reason of his previous naval service in armed forces," sums in excess of $6,000 for each of the three tax years in question.

Under 10 U.S.C.A. § 6323, an officer retired from the Navy after completing more than twenty years of active service is entitled to receive retired pay, the amount thereof determined by a formula set forth in the statute.

The sole question to be determined is whether the retired pay of John M. Court, received pursuant to 10 U.S.C.A. § 6323, is a pension within the meaning of Virginia Code, § 58-78 (b) (6), and thus exempt from assessment of state income taxes.

The question is presented to this court for the first time. Its novelty here does not make the answer difficult of discovery, however, because there are a number of federal decisions very much in point.

In *Lemly* v. *United States*, 75 F. Supp. 248, the plaintiff, a Naval officer on inactive duty and on the honorary retired list of the United States Naval Reserve, sought to recover the "retired pay and allowances" to which he claimed to be entitled under the provisions of the Naval Aviation Personnel Act of 1940, 34 U.S.C.A. § 855c-1. That Act extended to all personnel of the Naval Reserve called to active service "the same pensions, compensation, retirement pay, and hospital benefits" as were provided for personnel of the Regular Navy.

The United States asserted that the Court of Claims was without jurisdiction to entertain the plaintiff's claim because it was one for a pension and, under the Judicial Code, the court had no jurisdiction over pension claims.

The court held that it had jurisdiction to entertain the plaintiff's

claim because it was one for retirement pay and not for a pension. The court noted a significant distinction between retirement pay and pensions in the various acts of Congress, saying that "an examination of the Acts of Congress through the years reveals that when the word 'pension' was used it meant 'pension' and when 'retirement pay' was used it meant 'retirement pay.'" The court further stated:

"In other words, when a pension is paid someone, he is considered all through, his services are over, and he is pensioned 'off.' Furthermore, a pension is paid after the service has been performed without any regard to the actual performance of service as a gratuitous recognition of a moral or honorary obligation of the government. When a person is pensioned 'off' by the government, that government no longer has any control over his services. He is actually all through serving the government and yet he receives his pension as long as he lives.

"Retirement pay, on the other hand, is a continuation of active pay on a reduced basis. Even though an officer is retired from active duty and is receiving retirement pay, he is still subject to call to active duty as long as his physical condition will permit. He is still an officer in the service of his country even though on the retired list." 75 F. Supp., at p. 249.

In *Hoeppel* v. *Westover*, 79 F. Supp. 794, relief was sought from the assessment of federal income taxes upon the retired pay of a Regular United States Army sergeant retired for thirty years of service. The plaintiff claimed an exemption under 38 U.S.C.A. § 454a, a part of the World War Veterans' Relief Act, exempting from taxation "payments of benefits . . . made to, or on account of, a beneficiary under any of the laws relating to veterans."

The District Court stated that the Act was intended for the relief of persons who were disabled and for the dependents of those who died as the result of disability suffered in the military service during a specific period. It was held that since the sergeant had been retired for length of service, and not for disability, his retirement pay was not exempt from taxation. The court commented that "the term 'benefits' used in the invoked statute ordinarily connotes something basically different from pay." The court also observed that there had been successive rulings by the Board of Tax Appeals that, "generally, retirement pay of military personnel is subject to federal income taxes." 79 F. Supp., at p. 795.

In *Jones* v. *United States*, 185 F. Supp. 347, the District Court noted the distinction between retirement pay and a pension when it stated:

". . . The basis for the distinction is that a pension claim is a gratuity payment which can be withheld by Congress while a retirement claim is a contractual claim consisting of a continuation of active pay on a reduced basis." 185 F. Supp., at p. 349.

In *Steelman* v. *United States*, 318 F. 2d 733, the plaintiff had retired after thirty years of service as an enlisted man in the Regular Navy and was receiving retired pay therefor. After his retirement, he was employed by the Internal Revenue Service and drew his retired pay and civilian salary. He was injured in the course of his civilian employment and beginning February 27, 1951, was paid disability compensation under the Federal Employees Compensation Act in lieu of his retired pay as a retired Naval enlisted man, pursuant to his election. He later claimed that he was entitled to receive both his retired pay and disability compensation for the period beginning February 27, 1951.

The United States defended the claim on the basis of section 7 of the Federal Employees Compensation Act which provided that an employee receiving compensation under the provisions of the Act "shall not receive from the United States any salary, pay, or remuneration whatsoever except in return for services actually performed, and except pensions for service in the Army or Navy of the United States."

The Court of Claims granted the government's motion for summary judgment and stated:

"We can find no escape from the provisions of section 7 above. Retired pay is not a pension for service in the Army or Navy of the United States. . . . Neither in our opinion is such retired pay 'salary, pay or remuneration . . . in return for services actually performed,' within the meaning of section 7, supra." 318 F. 2d, at p. 734.

The taxpayers concede that "federal legislation narrowly defines 'pension' " and they recognize, in an off-hand manner, that the federal decisions are contrary to their position. But for some obscure reason they urge us not to consider what they term "federalese" in construing the Virginia statute under which they claim exemption from state income taxation.

The taxpayers' argument seems to be that because "pension statutes are to receive a liberal construction" and since the Virginia statute does not define the word "pension," we should adopt the definitions of the word found in various dictionaries and texts—definitions which they claim are broad enough to include the retired pay here in dispute. We should ignore the federal definitions of "pension," the taxpayers argue, because such definitions "have no place in the determination of the proper construction of the language of Virginia statutes here in controversy."

The taxpayers' argument is based upon an infirm foundation. In the first place, we are not concerned here with a pension statute which might be entitled to a liberal construction. We are dealing with a statute exempting a certain class of income from taxation—a statute which requires a strict construction. *Baggett Trans. Co.* v. *Commonwealth*, 195 Va. 359, 366, 78 S. E. 2d 702; *Hunton* v. *Commonwealth*, 166 Va. 229, 236, 183 S. E. 873.

In the second place, we can conceive of no logical reasons why, when resort must be had to federal law for the source of the taxpayers' income, we should ignore the federal law which classifies that income contrary to the position of the taxpayers. If the retired pay was not a pension under the law where it had its origin, it certainly did not acquire a new classification when it was received in Virginia.

The burden is upon the taxpayers to show that the income which they claim to be exempt from taxation is included within the class delineated by the exemption statute. *Revercomb* v. *Dillard*, 186 Va. 547, 553, 42 S. E. 2d 844; *Cornett's Ex'rs* v. *Commonwealth*, 127 Va. 640, 646, 105 S. E. 230.

The Virginia statute states that the class of income which is thereby exempted from taxation is made up of "pensions." And yet, the very federal statute from whence springs the income here in dispute describes that income as "retired pay." Every federal decision which has come to our attention says that such retired pay is not a pension. Under these circumstances, the taxpayers simply have not borne the burden imposed upon them.

There is no error in the action of the trial court affirming the assessments and dismissing the taxpayers' petition. The court's order will, therefore, be

*Affirmed.*