**IPPOLITO–LUTZ, INC., Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of United States Department of Housing and Urban Development, Defendant.**

**77 Civ. 6170(MP).**

United States District Court, S. D. New York.

July 10, 1979.

M. Carl Levine, Morgulas & Foreman, New York City, for plaintiff by Jerrold Morgulas, Peter Brown, New York City.

Robert B. Fiske, Jr., U.S. Atty., S.D.N.Y., for defendant by Gary G. Cooper, Asst. U.S. Atty., New York City, Melvin S. Belin, Washington, D.C.

## DECISION

POLLACK, District Judge.

The defendant, Secretary of the Department of Housing and Urban Development ("HUD"), has moved for judgment in her favor on the pleadings, Fed.R.Civ.P. 12(c), and plaintiff, Ippolito-Lutz, Inc., has cross-moved for summary judgment in its favor, Fed.R.Civ.P. 56.

This action by a building contractor seeks to recover from the defendant Secretary the amount of a judgment rendered in 1967 in favor of plaintiff and against the publicly subsidized owner of a public housing project. For the reasons set forth below, the Secretary's motion must be granted and the plaintiff's motion is to be correspondingly denied.

On December 9, 1958, the Public Housing Administration ("PHA"), the predecessor of HUD, and the Cohoes Housing Authority entered into an agreement denominated an Annual Contributions Contract ("ACC"). The PHA entered into that contract in pursuance of its functions under the United States Housing Act of 1937, as amended, 42 U.S.C. §§ 1401–1440. Pursuant to the ACC, PHA agreed to make a loan and subsequent annual contributions to finance Cohoes' construction and operation of a low-income housing project in Cohoes, New York. The project was further financed by the issuance of $1.9 million worth of bonds of the Cohoes Housing Authority, the principal and interest of which were to be gradually retired through the annual contributions from PHA.

Under the terms of the ACC, PHA agreed to loan Cohoes an amount of money equal to the Maximum or Actual Development Cost of the housing project, less specified amounts (ACC § 410), but only to the extent such Development Cost was approved by the PHA (ACC §§ 8, 404, 405). PHA further agreed to make actual advances of money to Cohoes under an approved Development Cost Budget "upon a showing satisfactory to the PHA that there is then need for such monies for the development of the Projects." (ACC § 408(A)). However, PHA did not agree in the ACC to insure the Cohoes project against all financial difficulties nor did it agree to guarantee the obligations that Cohoes might incur to all third parties. Indeed, the ACC itself provided that no third party, with the exception of Cohoes bondholders, was an intended beneficiary of PHA's promises to Cohoes under the contract. Section 510 of the ACC provided:

Sec. 510. Rights of Third Parties

(A) The PHA covenants and agrees with and for the benefit of the holders from time to time of the bonds and of the interest claims thereunder, that it will pay the annual contributions pledged as security for such Bonds and interests pursuant to this Contract. To enforce the performance by the PHA of this covenant

such holders, as well as the Local Authority [Cohoes], shall have the right to proceed against the PHA by action at law or suit in equity.

(B) Nothing in this Contract contained shall be construed as creating or justifying any claim against the PHA by any third party other than as provided in subsection (A) of this Sec. 510.

On May 27, 1960, Cohoes awarded the construction contract for the housing project to plaintiff as general contractor. During construction, unforeseen design and engineering problems arose which caused plaintiff to incur substantial additional costs for changes and delays. Plaintiff contends that the necessity of redesign of the project led the PHA to assume effective control of the construction, in derogation of Cohoes' authority over the project. In spite of the problems encountered, plaintiff completed the project to the satisfaction of Cohoes and the PHA and Cohoes took possession of the two segments of the project in December 1961 and September 1962.

Plaintiff filed a claim with Cohoes for payment of the additional costs arising from the construction changes, but Cohoes refused to pay the claim. On April 5, 1963, plaintiff commenced an action against Cohoes in New York State Supreme Court for the additional costs ($250,695.06) and for retainages owed under the original construction contract ($78,124.95). On July 18, 1967, Cohoes' answer in that action was stricken for failure to comply with several discovery orders of the Court, and judgment for plaintiff was entered in the amount of $371,512.51 (the above sums plus interest). The entry of the default judgment has been upheld on appeal. *Ippolito-Lutz, Inc. v. Cohoes Housing Authority,* 48 A.D.2d 1018, 373 N.Y.S.2d 335 (3d Dep't 1975), *leave to appeal denied,* 38 N.Y.2d 705, 381 N.Y.S.2d 1025, 343 N.E.2d 774 (1975), *cert. denied,* 425 U.S. 913, 96 S.Ct. 1510, 47 L.Ed.2d 763 (1976).

Plaintiff has been unable to collect its judgment against Cohoes, because the latter's real property is exempt from execution under state law and its rents, other income, and other assets are subject to a prior lien in favor of the bondholders. After several years of negotiations with HUD and Cohoes about payment of its claim, plaintiff commenced this action against the Secretary on December 21, 1977.

Cohoes has not submitted, and consequently HUD has not approved, a final Actual Development Cost budget under the ACC. The last Development Cost Budget submitted and approved was in the amount of $2,135,132, of which $2,062,000 has been advanced to Cohoes. Thus, a balance of $73,132 remains approved but unadvanced, and HUD will advance this sum to Cohoes upon application showing a need for it to pay approved costs of the project. Although Cohoes has neither applied for a final advance under the last approved budget nor submitted a final budget seeking funds necessary to pay plaintiff's claims, plaintiff contends that HUD has informally indicated that it would refuse to approve and to advance funds sufficient to pay plaintiff's claims in full, even if such application were made by Cohoes.

In this action, plaintiff purports to state two causes of action against the Secretary. In the first, plaintiff alleges that Cohoes was merely the alter ego of HUD, used by HUD to effect its social and political purposes. It further alleges that the failure to pay plaintiff either the balance due on the construction contract and the additional costs incurred in construction, or the amount of the judgment entered in the prior suit for such sums, has resulted in the unjust enrichment of both Cohoes and HUD. For its second purported cause of action, plaintiff alleges that it is a creditor third-party beneficiary of the ACC entered into by Cohoes and PHA, and specifically of PHA's promise therein to loan funds sufficient to pay the total development cost of the Cohoes project. It further alleges that its judgment against Cohoes is a part of the project's cost that HUD is obligated to fund. On both causes of action, plaintiff demands judgment against the Secretary in the amount of the earlier judgment, $371,-512.51, plus interest.

The Secretary has moved for judgment in her favor on three grounds. First, she contends that this Court lacks subject matter jurisdiction, because the government has not waived its immunity to suit, because the plaintiff's claims do not arise under federal law, and because the requirements of mandamus jurisdiction have not been met. Second, she argues that the action is barred by the statute of limitations. Third, she argues that plaintiff's claims are within the exclusive jurisdiction of the Court of Claims. On its cross-motion, plaintiff contends that, on the undisputed facts, it is entitled to recover the amount of its judgment against Cohoes from HUD under the equitable principles articulated by the United States Court of Appeals for the District of Columbia in *Trans-Bay Engineers & Builders, Inc. v. Hills*, 179 U.S.App.D.C. 184, 551 F.2d 370 (1976).

*Subject Matter Jurisdiction*

■■■ The Secretary correctly notes that this action, naming her as defendant in her official capacity, is in fact a suit against the federal government, and that such an action, "absent a waiver of [sovereign] immunity is not maintainable because of the absence of subject matter jurisdiction." *Estate of Watson v. Blumenthal*, 586 F.2d 925, 929 (2d Cir. 1978). However, Congress waived the government's immunity to this suit in the Housing Act of 1948, 62 Stat. 1268, section 502(b) of which provides in part:

> The Public Housing Administration shall sue and be sued only with respect to its functions under the United States Housing Act of 1937, as amended . . .

This provision, as amended, is codified as 42 U.S.C. § 1404a, which provides in part:

> The United States Housing Authority[1] may sue and be sued only with respect to its functions under this chapter [42 U.S.C. §§ 1401–1440], and sections 1501 to 1505 of this title. . . .

Accordingly, this action is not barred on the ground of sovereign immunity. *See Sigona v. Slusser*, 124 F.Supp. 327 (D.Conn.1954).

■■■ The Secretary next contends that plaintiff's action does not arise under federal law, and thus that subject matter jurisdiction may not be grounded on 28 U.S.C. § 1331. Plaintiff's claim against HUD, whether or not cognizable by the law, clearly arose *in connection with* the activity of the PHA in pursuance of its functions under the United States Housing Act of 1937, 42 U.S.C. §§ 1401–1440. However, the instant controversy did not arise *under* that federal law, because federal law did not expressly create the remedy sought by plaintiff and because the determination of plaintiff's right to relief requires neither the construction and interpretation of the Act nor the application of federal principles in order to vindicate a distinctive policy of the Act. *See T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965). On the contrary, plaintiff's two purported causes of action call only for the interpretation and application of, respectively, the construction contract between plaintiff and Cohoes (alleged to be HUD's alter ego) and the ACC, of which plaintiff claims to be a third-party beneficiary. That either or both of these contracts are embodied on forms prescribed by the PHA does not signify that a controversy over their terms arises under federal law. *See Lindy v. Lynn*, 501 F.2d 1367 (3d Cir. 1974). Moreover, this Court declines to extend the holding of *Trans-Bay Engineers & Builders v. Hills, supra*, that a claim against HUD for contract retainages held by it as assignee of a mortgagee who was insured by HUD under § 236 of the National Housing Act, 12 U.S.C. § 1715z–1, arose under federal common law, to the instant claim wherein the involvement of the PHA was of an entirely different nature and conducted under an unrelated Act of Congress. Accordingly, this Court has no subject matter jurisdiction to determine plaintiff's claims under 28 U.S.C. § 1331.

---

1. The functions, powers and duties of the Housing Authority have been transferred to the Secretary of HUD. 42 U.S.C. § 3534(a).

■ Plaintiff seeks to base jurisdiction of this action alternatively upon the mandamus statute, 28 U.S.C. § 1361. That section confers jurisdiction over actions "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. However, plaintiff cannot satisfy the requirements necessary to invoke the mandamus jurisdiction.

Generally speaking before the writ of mandamus may properly issue three elements must co-exist: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available.

*Lovallo v. Froehlke*, 468 F.2d 340, 343 (2d Cir.), *cert. denied*, 411 U.S. 918, 93 S.Ct. 1555, 36 L.Ed.2d 310 (1972). The legal duty owed by the official defendant must be "a specific, plain ministerial act 'devoid of the exercise of judgment or discretion' . . . [as] when its performance is positively commanded and so plainly prescribed as to be free from doubt." *Richardson v. United States*, 465 F.2d 844, 849 (3d Cir. 1972) (citations omitted), *rev'd on other grounds*, 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974).

■ Plaintiff alleges that the Secretary has a "clear, ministerial, non-discretionary duty" to pay it the amount of the judgment entered against Cohoes. However, a preliminary examination of the ACC reveals that the PHA, or HUD, is obliged to pay *Cohoes* certain sums only when requested by Cohoes and approved by HUD in its discretion. HUD has no duty under the ACC to pay Cohoes' unapproved construction costs or to pay any sum directly to plaintiff. Plaintiff contends that the fact that its claim against Cohoes has been reduced to a state court judgment removes any element of discretion from HUD's decision whether or not to fund Cohoes with money to pay plaintiff, if and when Cohoes makes such a request of HUD. However, plaintiff cites no section of the ACC nor any provision of law for this proposition, and it is apparent that HUD may refuse in its discretion to approve unnecessary and wasteful costs incurred by Cohoes, whether reduced to judgment or not.

Furthermore, other remedies are available to plaintiff. It may enforce its judgment against Cohoes directly, although such an effort may force Cohoes into bankruptcy. It might also seek to pursue the instant claim against HUD in an alternative forum.[2] However, these observations make it plain that the mandamus jurisdiction of this Court is not properly invoked in this case, and the complaint must be dismissed for want of subject matter jurisdiction.

### Statute of Limitations

■ If subject matter jurisdiction over plaintiff's claims were held to exist, this suit would nonetheless be barred by the six-year limitations period of 28 U.S.C. § 2401(a), which provides in part:

Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.
· · ·

This defense cannot be waived by the government's failure to plead it in its answer. *Wolak v. United States*, 366 F.Supp. 1106, 1110 (D.Conn.1973); *Crown Coat Front Co. v. United States*, 275 F.Supp. 10, 15 (S.D.N.Y.1967), *aff'd*, 395 F.2d 160 (2d Cir.), *cert. denied*, 393 U.S. 853, 89 S.Ct. 123, 21 L.Ed.2d 122 (1968). Moreover, the defense may be raised, although not pleaded, on a motion for summary judgment. *Quigly v. Hawthorne Lumber Co.*, 264 F.Supp. 214, 220 (S.D.N.Y.1967).

Plaintiff's alleged causes of action accrued sometime before April 5, 1963, when it filed suit against Cohoes. HUD's alleged obligation to pay plaintiff its additional costs, whether under the 1960 construction contract as Cohoes' alter ego or under 1958 ACC, arose if at all at the time those costs were incurred, and has not been enhanced or extended by the protracted litigation between plaintiff and Cohoes. Accordingly,

---

**2.** The Court expresses no view on the likelihood of plaintiff's success in another forum.

this action, commenced in 1977, is barred by 28 U.S.C. § 2401(a).

Accordingly, defendant's motion for judgment on the pleadings is granted and the action is dismissed, with costs. Plaintiff's motion for summary judgment is correspondingly denied.

SO ORDERED.