John F. KOLODY, Plaintiff,

v.

UNITED STATES GOVERNMENT, Defendant.

No. 82 Civ. 0056 (DNE).

United States District Court, S.D. New York.

Oct. 22, 1982.

---

John F. Kolody, pro se.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., Jane E. Booth, Asst. U. S. Atty., New York City, of counsel, for defendant.

## OPINION AND ORDER

EDELSTEIN, District Judge:

In this *pro se* action plaintiff, John Kolody ("Kolody"), alleges that the statutory formula for computing retirement payments to enlisted military personnel is unconstitutional.

On August 7, 1933, Kolody enlisted in the United States Army and served at the rank of Private until his discharge on December 6, 1935. On March 15, 1939 Kolody re-enlisted at the rank of First Sergeant. After five and a half years he received a temporary battlefield commission, and served at the rank of First Lieutenant for slightly less than two years during the Second World War. When his commission expired, Kolody resumed his noncommissioned service at the rank of Master Sergeant and served in that capacity until his retirement from active service on July 31, 1957.

On June 6, 1957, pursuant to 10 U.S.C. § 3914, Kolody requested to be retired after twenty years of active service and to serve his remaining ten years of obligatory service in an inactive capacity as a member of the Army Reserves.[1] This request was granted by the Secretary of the Army on July 18, 1957. Pursuant to 10 U.S.C. § 3961, Kolody was placed on the retired list at the retired grade of Master Sergeant, his rank at the time of retirement.

1. Pursuant to 10 U.S.C. § 3964, when an enlisted member of the Army has accumulated active service and service on the retired list totalling thirty years he is entitled to be advanced on the retirement list to the highest temporary grade in which he served on active duty.

Kolody served in the Army Reserves at the rank of Captain until November 15, 1966, when, having completed thirty years of service, he was advanced on the retired list to the grade of First Lieutenant, his highest grade of active service. Under 10 U.S.C. § 3992, Kolody's retirement pay was increased to that paid First Lieutenants at the time of his retirement. On November 25, 1966 Kolody was notified of his advancement and increase in his retirement pay.

On January 6, 1982, Kolody commenced this action. Kolody claims that pursuant to 10 U.S.C. § 3964, servicemen who retire with enlisted status must complete thirty years of active service before they can be advanced on the retired list to their highest temporary grade, while servicemen who retire as officers are eligible for such advancement after twenty years pursuant to 10 U.S.C. §§ 3911, and 3963. Kolody alleges that this disparity in treatment is a violation of the equal protection clause of the Fourteenth Amendment of the Constitution, and cruel and unusual punishment in violation of Amendment VIII of the Constitution. Kolody also alleges the statute is an *ex post facto* law in violation of Article I, Section 9 of the Constitution. In addition, Kolody contends that when he ultimately became eligible for advancement on the retired list, he should have been paid at the rates in effect at the time of his advancement, rather than those in effect at the time of his retirement.

Kolody seeks the additional retirement pay he would have received if he had been retired originally at the grade of First Lieutenant, an amount he claims is in excess of $12,000. He also seeks the additional retirement pay he would have received from 1966 to the present, if, at the time of his advancement, he had been awarded the rates in effect in 1966 rather than those in effect at the time of his retirement.[2]

On July 30, 1982, the United States moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b) and 12(c), or alternatively, for summary judgment pursuant to Rule 56, on the ground that: (1) Kolody's claim is barred by the doctrine of sovereign immunity; (2) Kolody's claim is barred by the statute of limitations; and (3) Kolody's claim that sections 3964 and 3992 of Title 10 of the United States Code are unconstitutional is without merit.

■■■ The court finds that it is without subject matter jurisdiction as the United States has not waived sovereign immunity and that absent such waiver it is immune from suit. *See United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1352, 63 L.Ed.2d 607 (1980). Kolody has not alleged any statute that would act as a waiver of sovereign immunity, and any waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Id.* at 538, 100 S.Ct. at 1352, quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). Even if the court were to infer that Kolody sought to predicate subject matter jurisdiction on 28 U.S.C. § 1331, the doctrine of sovereign immunity would still serve to bar this action. As the court of appeals stated in *Doe v. Civiletti:* "Section 1331 is in no way a general waiver of sovereign immunity," and any waiver of sovereign immunity "must be sought in the statute giving rise to the cause of action." 635 F.2d 88, 94 (2d Cir. 1980). As indicated *supra,* Kolody has not alleged any statute giving rise to a cause of action.

■■■ Nor can Kolody establish subject matter jurisdiction under the Tucker Act, 28 U.S.C. § 1346(a).[3] In *United States v. Testan,* the Supreme Court held that:

---

**2.** The United States argues that this second claim must be construed as an alternative rather than an additional claim for relief "as it is conceptually inconsistent to request First Lieutenant's pay from 1957 but at the rates in effect in 1966." Defendant's Memorandum in Support of its Motion to Dismiss, or, in the Alternative, for Summary Judgment, at 3.

**3.** The Tucker Act provides in pertinent part:

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an

The Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. The Court of Claims has recognized that the Act merely confers jurisdiction upon it whenever the substantive right exists. *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 605–607, 372 F.2d 1002, 1007–1009 (1967). 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Thus, it is clear that the Tucker Act does not act as a waiver of sovereign immunity for actions based on federal statutes. *See Doe v. Civiletti,* at 95. In addition, this court is without subject matter jurisdiction under the Tucker Act as district court jurisdiction under that statute is limited to claims "not exceeding $10,000 in amount." *Cook v. Arentzen,* 582 F.2d 870, 873–74 (4th Cir. 1978); *Putnam Mills Corp. v. United States,* 432 F.2d 553, 554 (2d Cir. 1970). Since Kolody seeks relief in excess of $10,000, jurisdiction lies exclusively in the Court of Claims. *Doe v. Civiletti, supra,* at 95 n. 18. Finally, the Tucker Act provides no basis for jurisdiction in this court since 28 U.S.C. § 1346(d) expressly bars district court jurisdiction over claims for pensions. *See Powers v. United States,* 218 F.2d 828, 830 (7th Cir. 1954); *Almour v. Pace,* 193 F.2d 699, 701–02 (D.C.Cir.1951); *Jones v. United States,* 185 F.Supp. 347, 348–49 (E.D.N.Y.1960).

Even if subject matter jurisdiction existed, this action would nonetheless be barred by the six year limitations period prescribed by 28 U.S.C. § 2401(a), which provides in part:

Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.

*See Ippolito-Lutz v. Harris,* 473 F.Supp. 255, 260–61 (S.D.N.Y.1979). The causes of action which Kolody alleges accrued in 1957, when he was retired at the grade of Master Sergeant rather than at the grade of First Lieutenant, and in 1966, when he

was awarded an increase in retirement pay based on the 1957 rather than the 1966 rates. With respect to both claims, Kolody failed to file his complaint until 1982, well in excess of the six year requirement of the statute. Thus, Kolody is now barred from asserting his claim. *See Boruski v. United States Government,* 493 F.2d 301, 304 n. 5. (2d Cir. 1974), *cert. denied,* 421 U.S. 1013, 95 S.Ct. 2419, 44 L.Ed.2d 681 (1975).

Accordingly, the motion to dismiss the complaint is granted without the need to reach the constitutional claims raised therein.

SO ORDERED.

executive department, or upon any express or implied contract with the United States, or for

liquidated or unliquidated damages in cases not sounding in tort.