AIR INDIA, et al., Plaintiffs,

v.

Una BRIEN, et al., Defendants.

No. 00 CV 1707.

United States District Court,
E.D. New York.

March 17, 2003.

of summary judgment to plaintiffs and of the revocation of certain fines levied under the regulation. For the reasons that follow, the motion is granted, but, as explained below, not so as to afford the government the relief it seeks.

## DISCUSSION

### I. *Standard of Review*

 Under Fed.R.Civ.P. 59(e), the court may reconsider its prior decision 1) because of an intervening change in controlling law, 2) due to new evidence, 3) to correct clear error or 4) to prevent manifest injustice. While the Rule may not be used to raise an argument that could have been raised on the prior motion, Wright & Miller, *Federal Practice & Procedure,* § 2810.1 (1995), it may "point to controlling decisions ... that the court overlooked." *Shrader v. CSX Transportation,* 70 F.3d 255, 257 (2d Cir.1995).

### II. *Untimeliness of Procedural Challenge to the 1966 Regulation*

 On this motion to amend, defendants for the first time raise the defense of the statute of limitations. They point out, correctly, that 28 U.S.C. § 2401(a) bars actions against the United States which are not brought within six years of the date the cause of action accrued, and applies to challenges to regulations promulgated pursuant to the APA. *Polanco v. U.S. DEA,* 158 F.3d 647, 652 (2d Cir.1998); *Fogel v. Dept. of Defense,* 169 F.Supp.2d 140, 149 (E.D.N.Y.2001). Furthermore, this defense cannot be waived, as compliance with the statute is a jurisdictional predicate for the court's ability to entertain the claim. *See Christian Beacon v. U.S.,* 322 F.2d 512, 514 (3d Cir.1963); *U.S. v. One 1961 Red Chevrolet Impala Sedan,*

Scott Dunn, Esq., Assistant U.S. Attorney, Eastern District of New York, Brooklyn.

Christina Hagan, Esq., Hagan, Coury & Associates, New York.

## MEMORANDUM & ORDER

### GLASSER, District J.

This action involves the validity, interpretation and application of certain INS regulations that may require aliens lawfully admitted for permanent residence who are returning from abroad ("special immigrants," *see* 8 U.S.C. § 1101(a)(27)(A)) to present certain reentry documents, and the propriety of fining airlines who transport those lacking such documents. For a thorough review of the factual and procedural history of this litigation, see this Court's Memorandum and Order dated February 14, 2002.

Defendants now move pursuant to Fed. R.Civ.P. 59(e) for an order amending that decision. In it, the Court granted summary judgment to plaintiffs on their claim that 8 CFR § 211.1, as amended in 1966 (the "1966 regulation"), was void for having been promulgated without the "notice and comment" period required by the Administrative Procedure Act, 5 U.S.C. § 553(b), (c) ("APA").[1] Defendants argue that this claim is barred by the six year statute of limitations set out in 28 U.S.C. § 2401(a), and seek reversal of the grant

---

1. In that decision, the court also held that plaintiffs' challenges to the 1998 version of

this regulation were unripe for review. These challenges are discussed below at section V.

457 F.2d 1353, 1357 (5th Cir.1972); *Ippolito–Lutz, Inc. v. Harris,* 473 F.Supp. 255, 260 (S.D.N.Y.1979). In determining whether plaintiff's challenge to the regulation is timely, it is therefore crucial to determine when that cause of action accrued.

■ In the case of procedural challenges, i.e., challenges to the manner in which a regulation was promulgated under the APA, the circuit courts which have considered the question are unanimous in holding that the cause of action accrues when the final regulation is published in the Federal Register. See *Dunn–McCampbell Royalty v. Nat'l Park Service,* 112 F.3d 1283, 1287 (5th Cir.1997); *Commonwealth of Penn. Dept. of Welfare v. U.S. Dept. of HHS,* 101 F.3d 939, 947 (3d Cir.1996); *Shiny Rock Mining Corp. v. U.S.,* 906 F.2d 1362, 1364 (9th Cir.1990); *Public Citizen v. NRC,* 901 F.2d 147, 152 (D.C.Cir.1990); *see also JEM Broadcasting Co. v. FCC,* 22 F.3d 320, 325 (D.C.Cir. 1994) (for purposes of a procedural challenge, Hobbs Act's 60–day time limit ran from when rule promulgated). Indeed, Congress has provided that publication in the Federal Register "is sufficient to give notice of the contents of the document to a person subject to or affected by it." 44 U.S.C. § 1507; *see Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 385, 68 S.Ct. 1, 92 L.Ed. 10 (1947).

■■ Plaintiffs were therefore on notice of the challenged regulation when it was published in 1966. Further, considering that the text of the regulation plainly required special immigrants to present reentry documents, it was foreseeable that the INS might at least attempt to subject airlines to fines for transporting undocumented special immigrants to this country. Plaintiffs therefore could and likely should have challenged the promulgation of the regulation within 6 years of its publication.

If they had any doubt as to the ripeness of such a challenge at that time, they should still have brought suit since "if there is *any* doubt about the ripeness of a claim, [parties] must bring their challenge in a timely fashion or risk being barred." *Eagle–Picher v. U.S. Envir. Prot. Agency,* 759 F.2d 905, 913 (D.C.Cir.1985) (emphasis in original).

### III. *Relief under Rule 59(e)*

■ Ordinarily, the court would not grant Rule 59(e) relief based upon an argument that the moving party could have raised on the prior motion. See Wright & Miller, *supra* p. 137. However, "the subject matter jurisdiction of the federal courts is too basic a concern to the judicial system to be left to the ... litigants." Wright, Miller and Cooper, *Federal Practice and Procedure* § 3522 (2d Ed.1984). Rather, lack of subject matter jurisdiction may not be waived by the parties and the court must dismiss a claim "[w]henever" it becomes apparent that it is lacking. Fed. R.Civ.P. 12(h)(3). Since the six-year statute of limitations deprived this Court of subject matter jurisdiction to entertain plaintiffs' procedural challenge, it is obliged to amend its prior order and hold that plaintiffs' procedural challenge to the 1966 regulation is time-barred.

### IV. *Substantive Challenges to the 1966 Regulation*

■ The court's determination of that issue, however, does not resolve the matter, since rejection of plaintiffs' procedural challenge requires the court to reconsider their substantive challenge(s) to the regulation. It is undisputed that a substantive challenge to a regulation, which is based on the claim that the regulation as applied exceeds constitutional or statutory authority or is arbitrary, capricious or an abuse of discretion, 5 U.S.C. § 706(2)(A–C), ac-

crues on the date the agency takes final action in applying the regulation to the plaintiff(s). *See Dunn–McCampbell*, 112 F.3d at 1287; *Wind River Mining Corp. v. U.S.*, 946 F.2d 710, 715 (9th Cir.1991); *Public Citizen*, 901 F.2d at 152; *see also Commonwealth of Penn.*, 101 F.3d at 944–947 (applying rule that claim accrues when regulation published to procedural claims but not to substantive claims); *Sierra Club v. Penfold*, 857 F.2d 1307, 1315–16 (9th Cir.1988) (same). Since all plaintiffs herein filed suit within six years of a final agency action subjecting them to a fine, their substantive challenges to the 1966 regulation are timely.

■ In the order which defendants seek to amend, the court addressed and rejected several such challenges raised by the plaintiffs, stating that "if the Court were to consider only the text of the Regulation, ... the fines imposed by the INS would be proper." *Air India v. Brien*, No. 00–1707, slip. op. at 16 (E.D.N.Y. February 14, 2002). The court did not, however, consider plaintiffs' claim that imposition of fines under the regulation was improper in that it violated the stated intent of the Attorney General in promulgating the amendment, an argument which does not rely on the text of the regulation.

■ Normally, an agency's interpretation of its regulation is entitled to substantial deference. *See Martin v. Occupational Safety and Health Review Comm'n*, 499 U.S. 144, 150, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991). It is nevertheless true that such an interpretation may be rejected when it contravenes the intent of the person or entity that promulgated it. "The Court must defer to the agency's interpretation unless an 'alternative read-

ing is compelled by the regulation's plain language or by other indications of the [promulgating authority's] intent at the time of the regulation's promulgation."' *La Plaza Defense League v. Kemp*, 742 F.Supp. 792, 803 (S.D.N.Y.1990) (quoting *Gardebring v. Jenkins*, 485 U.S. 415, 430, 108 S.Ct. 1306, 99 L.Ed.2d 515 (1988)). In the case of the publication of the 1966 regulation, the Notice and Comment section stated expressly that the regulation was not subject to the "notice and comment" requirement because it "confers benefits on persons affected thereby." 31 Fed.Reg. 13387 (October 15, 1966). This clear expression of intent refutes the argument that the regulation was intended to impose liability on the airlines when none had existed under the prior version of the regulation as amended in 1957. This holds true despite the plain language of the regulation, which would support the imposition of fines, for, as Learned Hand noted, "[c]ourts have not stood helpless ... the decisions are legion in which they have refused to be bound by the letter, when it frustrates the patent purpose of the whole [regulation]." *Cabell v. Markham*, 148 F.2d 737, 739 (2d Cir.1945).

Further, the fact that the INS did not seek to impose fines for the first 22 years that the 1966 regulation was in place, when such fines appear to be mandatory upon the finding of a violation, *see* 8 U.S.C. § 1323(b),[2] suggests that the INS itself did not interpret the 1966 regulation as providing a basis for the imposition of fines. The INS has provided no rational explanation of what happened in 1988 to change their view of the regulation. The Court notes, however, that the change took place in 1988, just after the User Fee Statute was enacted, providing that all money col-

---

2. The statute states that when a carrier transports an undocumented alien, the carrier

*"shall* pay ... a fine ...."* (emphasis added).

lected as fines would go to the INS itself. *See* 8 U.S.C. § 1356(h)(A)(1), (2). Additionally, plaintiffs attach an INS memorandum from that time, in which the Agency directs that, contrary to prior practice, "[a]ll violations must be ... sent forward to the National Fines Office for imposition of a fine." App. "A" to Pl. Compl. at 67–68. One of the two reasons for this change, as expressly stated in the memorandum, is that "the service is attempting to maximize revenues ...." *Id.* at 67. The sudden ability of the INS to profit from these fines provides no proper basis for ignoring the intent of the 1966 regulation by reinterpreting it.

The Court finds, therefore, that the INS's decision to begin fining air carriers some twenty-two years after the 1966 regulation was promulgated was arbitrary, capricious and an abuse of discretion, and the fines imposed thereunder must still be vacated.

## V. *Procedural Challenge to the 1998 Regulation as Amended*

Although the parties have not raised this point, the Court considers itself compelled to address the effect of this new information on plaintiffs' claims relating to the 1998 amendment to 8 CFR 211.1. At the time the Court wrote its prior order, the defendants had not raised the defense of the six-year statute of limitations on procedural challenges to regulations. The Court therefore held that plaintiffs' procedural challenge to the regulation as amended in 1998 was unripe for review, as no enforcement action had been taken under that regulation and none seemed threatened. *Air India,* No. 00–1707, slip. op. at 27–29. Nevertheless, it is now clear to the Court that the fact that application of the statute of limitations to procedural challenges begins to run as soon as the regulation is published in final form,

means that such a challenge is in fact ripe, even if no enforcement action has been taken. To find otherwise would be to establish a rule by which improperly promulgated regulations that were not applied for 6 or more years would be forever protected from procedural challenge—first, for lack of ripeness, then by the statute of limitations. Furthermore, it is clear from the cases cited in section II. above that those courts considered a procedural challenge to be ripe upon the rule's publication. *See Dunn–McCampbell,* 112 F.3d at 1287 (assuming plaintiffs could have raised procedural challenge to regulation within 6 years of publication); *Wind River,* 946 F.2d at 715 (noting that a party need not have a preexisting claim affected by a regulation to raise a procedural challenge to it within 6 years from publication); *Commonwealth of Penn.,* 101 F.3d at 945–947 (rejecting claim that procedural challenge could not have been raised within 6 years of publication because it was not then "ripe"); *Sierra Club,* 857 F.2d at 1307–16 (assuming procedural challenges could have been raised during 6–year period from publication with no evidence regulation had been applied to plaintiff); *Eagle–Picher,* 759 F.2d at 911–12, 917–18 (procedural challenges are ripe for review during period allowed by statute of limitations except in a limited number of exceptional circumstances; "it is clear beyond peradventure that the validity of a rule can be ripe for review whether or not it has been improperly applied and enforced in a concrete factual setting"). The court must therefore reconsider plaintiffs' procedural challenge to the regulation as amended in 1988.

In the 1997 version of the regulation, section 211.1(a) required documentation for all arriving aliens "[e]xcept as provided in paragraph (b)" of the section. The 1998 amendment simply changed the quoted language from "(b)" to "(b)(1)," thereby

making clear that the exception applied only to certain children and not to special immigrants. Plaintiffs' challenge to this amended regulation was based on the lack of a "notice and comment" period in connection with its promulgation.

As this court stated in its prior order, not all agency promulgations are subject to notice and comment requirements. *Air India v. Brien*, No. 00–1707, slip. op. at 24. Notice and comment are required only if the promulgation is a legislative rule, as opposed to an interpretive one. *N.Y.C. Employees' Retirement Sys. v. S.E.C.*, 45 F.3d 7, 11 (2d Cir.1995) (citations omitted). Legislative rules are rules that "create new law, right [sic], or duties, in what amounts to a legislative act." *N.Y. State Elec. & Gas Corp. v. Saranac Power Partners, L.P.*, 267 F.3d 128, 131 (2d Cir. 2001) (internal quotation marks and citations omitted); *accord Sweet v. Sheahan*, 235 F.3d 80, 91 (2d Cir.2000); *Zhang v. Slattery*, 55 F.3d 732, 745 (2d Cir.1995); *White v. Shalala*, 7 F.3d 296, 303 (2d Cir. 1993). On the other hand, interpretive rules "merely clarify an existing statute or regulation." *Sweet*, 235 F.3d at 91; *accord White*, 7 F.3d at 303.

The INS claims that the 1998 amendment to the regulation was interpretative, since, as the preamble to the amended regulation states, it was intended merely to correct a technical and inadvertent error in the 1997 regulation. However, the label that an agency places on its exercise of administrative power is not determinative of whether that exercise is legislative or interpretative; rather, it is what the agency does in fact. *Lewis–Mota v. Secretary of Labor*, 469 F.2d 478, 481–82 (2d Cir.1972). Even if this error was inadvertent, its correction plainly altered the substantive rights of those affected by it. The INS has admitted that the fines it levied for transporting special immigrants without the proper documentation could not lawfully have been imposed under the 1997 regulation; it cancelled all such fines levied after the effective date of that revision. *See Air Espana v. Brien*, 1998 WL 178823, *1–2 (E.D.N.Y. February 11, 1998). The 1998 regulation therefore had the effect of allowing the imposition of fine liability where it had previously been impermissible. Indeed, the summary published in the Federal Register stated that the "change is necessary to conform the language of the regulations with the statutory authority which exists to impose a fine when an alien is transported to the United States without the proper documentation." 63 Fed.Reg. 39217 (July 22, 1998). Since the regulation thereby "created new ... duties," *see United States v. Yuzary*, 55 F.3d 47, 51 (2d Cir.1995), it was plainly a legislative rule, and was required to be subject to a "notice and comment" period before final promulgation. It was not, and is therefore void. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 313, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979).

This conclusion is not affected by the fact that the commentary accompanying the promulgation of the 1998 regulation stated that it was being issued without notice and comment pursuant to the "good cause" exception in 5 U.S.C. § 553(d)(3). As this court noted in its prior opinion, it is not bound by the agency's assertion that good cause existed. "A mere recitation that good cause exists ... does not amount to good cause." *Zhang*, 55 F.3d at 745. Good cause is limited to situations where compliance with the notice and comment requirement is "impracticable, unnecessary or contrary to the public interest." *Id.* Neither the commentary nor the defendants make any showing of or reference to such conditions (except possibly that compliance was "unnecessary," a contention disposed of directly below).

■ Neither is the court's finding affected by the argument made in the commentary and by the defendants that notice and comment were unnecessary because the rule had already been published with notice and comment as a proposed and then an interim rule. This argument ignores the crucial fact that the proposed and interim rules that were published provided that special immigrants were *exempt* from the documentary requirements so that the airlines were *not* subject to fines for transporting them. There is therefore no way that publishing those rules for notice and comment could possibly have obviated the need to publish for notice and comment a 1998 final rule that accomplished precisely the opposite: *subjecting* special immigrants to the documentary requirement so that the airlines *could* be fined for transporting them. This is true whether the error being corrected was "inadvertent" or not; an alteration so plainly affecting substantive rights and obligations cannot fairly be described as merely "technical."

## CONCLUSION

For the reasons stated above, the court grants defendants' motion to amend its prior order, to reflect the following holdings. First, plaintiffs' procedural challenge to the 1966 amendment is time-barred. Second, plaintiffs' substantive challenge to the regulation, which is timely, provides sufficient grounds for vacating the fines levied thereunder, as per this court's previous order. Third, Plaintiffs' procedural challenge to the regulation as amended in 1998 is ripe for review. Finally, that challenge is upheld, and the 1998 regulation is declared void.

SO ORDERED.