Philip B. LINDY t/a Fountain View Apts.,
a Pennsylvania Limited Partner-
ship, Appellant,

v.

James LYNN, Secretary of Housing and
Urban Development, et al.

No. 73–2056.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) June 27, 1974.

Decided July 15, 1974.

Rehearing Denied Oct. 7, 1974.

Victor Wright, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for appellant.

John K. Villa, Dept. of Justice, Irving Jaffe, Acting Asst. Atty. Gen., Washington, D. C., Victor L. Schwartz, Asst. U. S. Atty., Philadelphia, Pa., for appellees

Lynn, Kingman, LaSala and United States.

H. Kenneth Tull, Wright, Thistle & Gibbons, Philadelphia, Pa., for appellee Frankford Trust Co.

Before MARIS, HUNTER and GARTH, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

This is an appeal from the judgment of the district court dismissing the plaintiff's cause of action on the merits. Plaintiff, Philip B. Lindy, trading as Fountain View Apartments, had obtained from Metropolitan Federal Savings and Loan Association a mortgage loan to finance the construction of a large apartment building in Philadelphia. The mortgage loan was insured by the Federal Housing Administration. Pursuant to FHA regulations the mortgagee required the plaintiff to deposit with it the sums of $69,308.00 as working capital and $103,962.00 as a mortgage discount fee for which sums the mortgagee issued a Mortgagee's Certificate in the form prescribed by FHA. The additional sum of $21,440.00 was deposited by the plaintiff with the mortgagee pursuant to an Escrow Agreement, also in the form prescribed by FHA. These deposits were in the form of two letters of credit issued by Frankford Trust Company, of Philadelphia, one of the defendants. The plaintiff was unable to commence construction of the apartment project and defaulted on the mortgage, of which default the acting Area Director of the Department of Housing and Urban Development, one of the defendants, was notified. The assistant general counsel of that Department thereupon notified the mortgagee that its insurance claim would be debited with $194,710.00, the amount of the two letters of credit which it held.

The plaintiff thereafter filed the present complaint against the Secretary of Housing and Urban Development, the acting Federal Housing Commissioner, the acting Area Director of the Department of Housing and Urban Develop-ment, the federal defendants, and Frankford Trust Company, alleging that by the terms of the letters of credit and the provisions of the Mortgagee's Certificate and Escrow Agreement the letters of credit were issued for limited purposes which did not include the right of the Federal Housing Administration to debit or set off the amounts deposited against the mortgage insurance claim of the mortgagee. The complaint sought injunctive relief against any action by the defendants to that end. Upon consideration of a motion by the federal defendants for dismissal, the district court concluded that the documents involved, properly construed, did not support the plaintiff's contentions and it entered a judgment dismissing the plaintiff's cause of action. The appeal now before us followed.

We think that the district court should have dismissed the complaint for want of jurisdiction of its subject matter. The complaint alleges that jurisdiction is founded upon 28 U.S.C. § 1331(a), which grants jurisdiction where the matter in controversy arises under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1346(a)(2), the Tucker Act, which grants jurisdiction of civil actions against the United States, not exceeding $10,000.00 in amount, founded, *inter alia,* upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, 5 U.S.C. §§ 701–706, which grant aggrieved persons the right to the review of agency action by any applicable form of legal action in a court of competent jurisdiction, and 12 U.S.C. § 1702, which provides that the Secretary of Housing and Urban Development may be sued in his official capacity in any court of competent jurisdiction, State or Federal. We are satisfied that none of these statutes supports the jurisdiction claimed for the district court by the plaintiff in the present case.

An action arises under the laws of the United States if and only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition. T. B. Harms Company v. Eliscu, 2 Cir. 1964, 339 F.2d 823, 828; McFaddin Express, Incorporated v. Adley Corporation, 2 Cir. 1965, 346 F.2d 424, 426. If, on the other hand, the action is not expressly authorized by federal law, does not require the construction of a federal statute and is not required by some distinctive policy of a federal statute to be determined by the application of federal legal principles, it does not arise under the laws of the United States even if federal law furnishes some necessary ingredient of the claim. Moreover, the fact that a contract is subject to federal regulation does not, in itself, demonstrate that Congress meant that all aspects of its performance or nonperformance are to be governed by federal law rather than by the state law applicable to similar contracts in businesses not under federal regulation. Ivy Broadcasting Co. v. American Tel. & Tel. Co., 2 Cir. 1968, 391 F.2d 486, 490, 493. Here the dispute between the parties is purely one as to the correct interpretation and effect of certain contractual documents, an ordinary contract dispute to be determined by the application of the principles of Pennsylvania contract law. The fact that these documents were subject to the regulations of the FHA is not significant, since we know of no federal statutory policy which would require federal law to determine their operation and effect. The case is, therefore, not one arising under the laws of the United States.

Nor is 28 U.S.C. § 1346(a)(2), the Tucker Act, available to support the district court's jurisdiction. For that section deals only with claims for monetary damages and does not confer upon the district courts jurisdiction to grant equitable relief unless it is in aid of a claim against the United States for a money judgment. Clay v. United States, 1954, 93 U.S.App.D.C. 119, 210 F.2d 686; Lynn v. United States, 5 Cir. 1940, 110 F.2d 586. Here there is no such monetary claim. The plaintiff is not aided by 5 U.S.C. §§ 701–706, which authorizes the judicial review of administrative agency orders, since no such order is here sought to be reviewed. Moreover, § 703 requires that the reviewing court must be one which is otherwise of competent jurisdiction. Getty Oil Co. (Eastern Operations) Inc. v. Ruckelshaus, 3 Cir. 1972, 467 F.2d 349; Pan Am World Airways, Inc. v. Civil Aeronautics Board, D.C.Cir.1967, 392 F.2d 483. The same is true of 12 U.S.C. § 1702, which makes the Secretary suable in his official capacity in a court which is otherwise of competent jurisdiction. Here it is clear that the district court is not otherwise of competent jurisdiction to entertain this lawsuit.

The judgment of the district court will be vacated and the cause remanded with directions to dismiss the complaint for want of jurisdiction.