PENN STATE CONSTRUCTION COM-
PANY, INC., a Pennsylvania
Corporation, Plaintiff,

v.

ASSOCIATED-EAST MORTGAGE COM-
PANY, a New Jersey and Delaware
Corporation, Defendant,

and

Secretary, United States Department of
Housing and Urban Development,
Defendant,

and

Philipsburg U. A. W. Housing Company,
a Pennsylvania Limited Partnership,
Pendent Defendant,

and

Keystone U. A. W. Housing Corporation,
General Partner, Pendent Defendant.

Civ. A. No. 78-280.

United States District Court,
W. D. Pennsylvania.

Oct. 3, 1978.

OPINION

ZIEGLER, District Judge.

### I. *History of Case*

This case grows out of the construction of a housing project in Philipsburg, Pennsylvania. Plaintiff, Penn State Construction Company, is the managing joint venturer of the general contractor, Philipsburg Construction Company. Philipsburg U.A.W. Housing Company is the owner of the project, and Keystone U.A.W. Housing Corporation is the general partner.[1] Defendant, Associated-East Mortgage Company, is the lender and the Department of Housing and Urban Development, which insured the loan, is also a defendant.

Penn State alleges that during the course of its performance various disputes arose with U.A.W. pertaining to payment schedules, changes in site conditions, and installation of street entrances. As a result, delays were encountered which rendered plaintiff's performance impossible.

The complaint is framed in three counts. Count I is directed against HUD. Penn State avers that the contracts executed by plaintiff, Associated-East, and U.A.W., obligated HUD to exercise supervisory control over the project and to interpret certain contract provisions.[2] Plaintiff contends HUD failed to discharge its responsibilities but no damages are claimed. Penn State demands judicial review of the various administrative determinations rendered by HUD in connection with the project.

Count II is directed against Associated-East. Plaintiff alleges (1) letters of credit in the amount of $115,000 were deposited with Associated-East to secure plaintiff's performance; (2) Associated-East converted the funds to its own use; and (3) Penn State was required to pay $8,539.23 as a condition precedent to release of the funds following U.A.W.'s alleged default of its obligations to Associated-East.[3] Moreover, following this default, Associated-East was

Joseph M. Wymard, Pittsburgh, Pa., for plaintiff.

Joan M. Wilbon, Dept. of Justice, Economic Litigation Section, Washington, D.C., H. Yale Gutnick, Henry Barr, Asst. U.S. Atty., William H. Eastburn, III, Doylestown, Pa., John P. Edgar, Pittsburgh, Pa., for defendant.

1. In the complaint, plaintiff avers that the actions of Philipsburg U.A.W. and Keystone U.A.W. were identical. The complaint refers to both parties as "U.A.W." and we will continue that treatment where possible in this opinion.

2. See paragraph 15 of plaintiff's complaint.

3. See paragraph 26 of plaintiff's complaint.

required to assure completion of the project, which it allegedly failed to do. In sum, plaintiff seeks damages and an accounting for breach of contract, and conversion by Associated-East.

Count III requests damages from U.A.W. alleging breach of contract to plaintiff.[4]

■ Associated-East and U.A.W. have moved to dismiss the complaint under Rule 12(b)(1) for want of subject matter jurisdiction. Although HUD has not moved to dismiss, the court will consider *sua sponte* whether subject matter jurisdiction is extant over any of the defendants, including HUD. We are required to do so because the court must assess its jurisdiction even where the parties do not raise the question. *See, Carlsberg Resources Corp. v. Cambria Sav. & L.,* 554 F.2d 1254 (3d Cir. 1977).

We hold that this court lacks subject matter jurisdiction over plaintiff's complaint and the complaint must be dismissed.

## II. *Discussion*

Penn State tenders four independent bases of jurisdiction. They are: (1) diversity of citizenship against Associated-East pursuant to 28 U.S.C. § 1332. (Plaintiff's claims against U.A.W. are alleged to be "pendent" to this claim against Associated-East);[5] (2) jurisdiction under 5 U.S.C. §§ 701–706 of the Administrative Procedure Act, which authorizes judicial review of administrative orders; (3) federal question jurisdiction pursuant to 28 U.S.C. § 1331; and (4) jurisdiction over conduct arising under Acts of Congress regulating commerce pursuant to 28 U.S.C. § 1337.

### (A) *Diversity of Citizenship*

■ Diversity jurisdiction is absent for several reasons. First, affidavits submitted by Associated-East establish that, although incorporated in New Jersey, its principal place of business is in Pennsylvania. For example, 11 of its 16 officers maintain offices in Pennsylvania; director and share-

holder meetings are conducted here; the corporate headquarters is in the Commonwealth and its bank records are in this state. Under the "nerve center" test, we hold that Pennsylvania is the principal place of business of Associated-East. *Kelly v. U. S. Steel Corp.,* 284 F.2d 850 (3d Cir. 1960); 13 Wright & Miller, Federal Practice & Procedure, § 3625.

■ Under 28 U.S.C. § 1332(c), a corporation is a citizen of both its principal place of business and its state of incorporation; therefore, diversity jurisdiction is lacking, since Penn State is a Pennsylvania corporation.

■ Secondly, even if Associated-East is a New Jersey citizen only, diversity jurisdiction is lacking over the so-called "pendent parties" because Philipsburg and Keystone U.A.W. are Pennsylvania concerns. Accordingly, the complete diversity requirement of 28 U.S.C. § 1332(a) is absent. *See, Owen Equipment and Erection Co. v. Kroger,* —— U.S. ——, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

### (B) *Administrative Procedure Act*

■ The Administrative Procedure Act[6] does not create an independent basis of federal jurisdiction. The Act may be employed as a basis for relief only if jurisdiction otherwise obtains. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Accordingly, we must examine the remaining contentions of plaintiff to determine whether jurisdiction is extant.

### (C) *Acts of Congress and Federal Question Jurisdiction*

■ The existence of jurisdiction based on an act of Congress regulating commerce (28 U.S.C. § 1337) is determined by the same standard as federal question jurisdiction. *Yancoskie v. Delaware River Port Authority,* 528 F.2d 722, 725 (3d Cir. 1975); *Molton, Allen & Williams, Inc. v. Harris,*

---

4. See paragraphs 33 and 34 of plaintiff's complaint.

5. See paragraph five of plaintiff's complaint.

6. 5 U.S.C. §§ 701–706.

436 F.Supp. 853, 857, n.3 (D.D.C.1977). Therefore, any discussion of federal question jurisdiction is applicable to jurisdiction pursuant to 28 U.S.C. § 1337.

### (D) *Federal Question Jurisdiction*

A careful assessment of plaintiff's complaint, brief and oral argument reveals that only one possible basis for this court's jurisdiction remains. That basis is premised upon the existence of federal question jurisdiction over Penn State's claim against HUD. Thereafter, the nonfederal claims against the remaining parties allegedly attach by virtue of the doctrine of "pendent jurisdiction." [7] The claims against Associated-East and U.A.W. are contract actions unquestionably grounded on state law. However, the imposition of federal question jurisdiction over HUD is an issue which has engendered conflict among various courts, and is deserving of close examination.

 A claim arises under the laws, treaties, or constitution of the United States only when:

> (T)he complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition. *Lindy v. Lynn*, 501 F.2d 1367, 1369 (3d Cir. 1974).

 Penn State's complaint against HUD alleges that, as insurer for the lender, it had supervisory control over the construction project, and the duty to interpret various contract provisions. HUD allegedly failed to perform these duties, and plaintiff seeks judicial review of those administrative determinations.

In *Lindy v. Lynn*, 501 F.2d 1367 (3d Cir. 1974), plaintiff obtained a loan to finance the construction of an apartment building. The mortgage was insured by the FHA. Pursuant to FHA regulations, the mortgage certificate was issued in the form proscribed by the FHA. An additional sum

was deposited by plaintiff with the mortgagee pursuant to an escrow agreement, again in the form proscribed by the FHA. These deposits took the form of two letters of credit. Plaintiff defaulted and HUD notified the mortgagee that the claim would be debited by the ·amount of the letters of credit. *Id.* at 1368. Plaintiff sued HUD and the lender alleging that, under the terms of the mortgage certificate and escrow agreement, the letters of credit could not be applied to the claim of the mortgagee.

The Court of Appeals held that the district court was without subject matter jurisdiction. The mere fact that the contract between the mortgagor and mortgagee was subject to federal regulation and control was not sufficient to establish federal question jurisdiction. The Court stated:

> (T)he dispute between the parties is purely one as to the correct interpretation and effect of certain contractual documents, an ordinary contract dispute . . . .
> *Id.* at 1369.

Several courts have followed the reasoning of *Lindy* and concluded that construction and housing projects regulated by HUD do not confer federal question jurisdiction. See *Bor-Son Bldg. Corp. v. Heller*, 572 F.2d 174, 181 (8th Cir. 1978); *West Virginia Housing Development v. Sroka*, 415 F.Supp. 1107, 1116 (W.D.Pa.1976); and *American Fidelity Fire Ins. Co. v. Construcciones Werl*, 407 F.Supp. 164 (D.C.V.I.1975) where the court, relying on *Lindy*, explained:

> The fact that sections of the National Housing Act or its implementary regulations are invoked by the parties does not magically transform this action into one arising under the laws of the United States. 407 F.Supp. at 186–87.

The only case in which federal question jurisdiction was found to exist in a case of this nature was *Trans-Bay Engineers & Builders, Inc. v. Hills*, 179 U.S.App.D.C. 184, 551 F.2d 370 (1976). In *Trans-Bay*, plaintiff

---

7. The Supreme Court has looked with disfavor on the doctrine of "pendent parties" as opposed to "pendent claims;" however, the Court has recognized the doctrine under certain circumstances. *Aldinger v. Howard*, 427 U.S. 1, 18, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976).

was engaged in the construction of a housing project in Oakland California. The project was federally insured and subsidized pursuant to the National Housing Act. The owner of the project paid funds to the mortgagee which were "held back" from Trans-Bay under the terms of the contract. When the owner defaulted, the mortgagee assigned the mortgage to HUD. Plaintiff sued HUD claiming an equitable lien and unjust enrichment. HUD moved to dismiss the complaint alleging want of federal question jurisdiction.

The Circuit Court for the District of Columbia held that federal question jurisdiction obtained over HUD under the circumstances of this case; however, the Court carefully distinguished *Lindy*, stating:

> In ruling against federal question jurisdiction, the district court treated this case as a mere suit on contract. It relied on *Lindy v. Lynn*, 501 F.2d 1367, 1369 (3rd Cir. 1974), but that was concerned with the interpretation of a set of admittedly valid and binding contracts. Here we are asked to determine whether the Secretary of HUD has an obligation to plaintiff Trans-Bay that is not rooted in a contract between them, but rather on equitable rights generated by HUD's course of activities pursuant to federal statutes, including the contracts it has sponsored, and prescribed for others, as a condition of federal aid. 179 U.S.App.D.C. at 191, 551 F.2d at 377.

The Court went on to note that plaintiff's claim against HUD was not contractual in nature and a governmental agency is not liable for unpaid sums "any time the agency or administrator insures a mortgage." *Id.* at 196, 551 F.2d at 382.

Even if we assume that *Trans-Bay* is consistent with the law in this Circuit, plaintiff's allegations, unlike those in *Trans-Bay* are essentially contractual in nature and *Lindy* is controlling. While the plaintiff in *Trans-Bay* sought monetary relief on various quasi-contractual theories, here Penn State demands only review of HUD's administrative determinations vis-a-vis its contracts with various other parties,

specifically the mortgagor (U.A.W.) and the lender (Associated-East). U.A.W. is alleged to have breached its contract with Penn State, which in turn made performance impossible. Associated-East is alleged to have converted letters of credit, and also, it is claimed, breached a duty to plaintiff by refusing to assume completion of the contract upon U.A.W.'s default. It is evident that, as in *Lindy*, resolution of this dispute turns on the interpretation of various contractual provisions between Penn State, and principals other than HUD. The agency's involvement, albeit important, is collateral to these questions.

Accordingly, we hold that, since no federal question is raised by plaintiff's allegations, this court lacks subject matter jurisdiction and plaintiff's complaint must be dismissed.