**T. R. CASEY, INC., a Pennsylvania Corporation, Plaintiffs,**

v.

**Patricia HARRIS, Secretary of the Department of Housing and Urban Development of the United States of America, and Redevelopment Authority of Allegheny County, a Governmental Instrumentality of the County of Allegheny, Pennsylvania, Defendants.**

Civ. A. No. 78–1010J.

United States District Court,
W. D. Pennsylvania,
Civil Division.

June 11, 1979.

George E. Ewing, Pittsburgh, Pa., for plaintiff.

Galberto Medina and Robert J. Cindrich, HUD, Stanley N. Horn and William H. Mendlow, Redevelopment Authority of Allegheny County, Pittsburgh, Pa., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

SIMMONS, District Judge.

The Court, having examined the pleadings, read the briefs of the respective parties, heard the statements of counsel, and being fully advised, now enters the following Findings of Fact, Conclusions of Law, and Order as to the above-captioned matter.

### FINDINGS OF FACT

1. T. R. Casey, Inc., is a Pennsylvania Corporation, and is the Plaintiff in this action.

2. Patricia Harris is the Secretary of the Department of Housing and Urban Development of the United States of America, and is a Defendant in this action (hereinafter referred to as HUD).

3. Redevelopment Authority of Allegheny County is a governmental unit of the County of Allegheny, Pennsylvania, and is a Defendant in this action (hereinafter referred to as RAAC).

4. This litigation involved a series of HUD actions relating to a competition between the Plaintiff and Roger Glunt for the right to develop Parcel No. 5 in the Urban Renewal Area of the Borough of Wilmerding, Pennsylvania, under the Federal HUD Section 8, Housing Assistance Payments Program for new construction.

5. On September 28, 1975, the Pittsburgh HUD Area Office published a notification of Section 8 fund availability for units of Section 8 housing to be constructed in Allegheny County, Pennsylvania.

6. Preliminary proposals were submitted by Plaintiff and by a Roger Glunt, and HUD purported to properly select Glunt as the best proposal in the Summer of 1976.

7. Glunt submitted a final proposal entitled, ". . . Caldwell Apartments in the Borough of Wilmerding . . .", which was approved by the Area HUD Office.

8. On March 20, 1978, HUD and Glunt executed an agreement to enter into a Housing Assistance Payments Contract for the project, and this agreement as amended provided that work on the project would commence on May 15, 1978.

9. Due to certain delays in construction encountered by Glunt, HUD extended the

date for commencement of construction to July 28, 1978.

10. When the work did not begin within a reasonable time after July 28, 1978, the HUD Area Office, by letter dated August 21, 1978, notified Glunt that it was rescinding the aforementioned Housing Assistance Payments Contract.

11. On August 22, 1978, prior to the institution of the above-captioned law suit, the HUD Regional Accounting Division was notified of the decision to rescind the contract and the Regional Accounting Division confirmed the action to rescind the contract on August 31, 1978, by placing the recaptured funds in an account for reuse by the HUD Pittsburgh Area Office for reallocation.

12. Prior to the institution of this suit, the subject funds were allocated to other Section 8 New Construction Projects, and said funds were totally exhausted.

13. The Complaint in this action was served on the Defendant Secretary of HUD's Agent on September 8, 1978.

14. The suit against the Secretary of HUD requested this Court to:

a) Preliminarily and permanently enjoin Defendant HUD, her successors in office, her agents, officers, servants, employees and persons in active concert with her from transferring, withdrawing or switching the Section 8 housing funds allocation originally allocated to the development of Parcel 5 in the Borough of Wilmerding out of the Borough of Wilmerding or to anyone other than Plaintiff;

b) Enjoin any such transfer or switching of Section 8 funds at this time to any person or entity other than Plaintiff as the next highest ranking proposal as inconsistent with Defendant HUD's rules and regulations in 24 C.F.R. § 880 (1975), in order to retain the badly needed housing and related commercial development proposed by Plaintiff;

c) Declare that such transfer of Section 8 funds should be made to Plaintiff as the next highest ranking proposal pursuant to Defendant HUD's rules and regulations in

24 C.F.R. § 889 (1975), in order to retain the badly needed housing and related commercial development proposed by Plaintiff.

d) Require Defendant HUD to pay to Plaintiff all costs and expenses, including reasonable attorney fees incident to the maintenance of this action;

e) Obtain any other general or special relief this Court deems justified.

15. Defendant RAAC owns the fee simple title to the land hereinbefore described as Parcel No. 5 in the Urban Renewal Area of the Borough of Wilmerding, Pennsylvania.

16. The suit against RAAC requests this Court to:

a) Preliminary and permanently enjoin Defendant RAAC, its successors, assigns, agents, officers and employees from transferring title to any portion of Parcel 5 in Wilmerding owned by Defendant RAAC to anyone whose specific plans would violate the Urban Renewal Plan and until this matter is finally determined by this Honorable Court as to the transfer of Section 8 funds to Plaintiff as the next highest ranking proposal under Defendant HUD's rules and regulations in 24 C.F.R. § 880 (1975);

b) Obtain any other general or special relief this Court deems justified.

## CONCLUSIONS OF LAW

1. This Court does not have jurisdiction of this matter as the same pertains to the suit against Defendant Secretary of HUD for the following reasons:

a) The Plaintiff has failed to comply with Fed.R.Civ.P. 8(a)(1) by failing to state the grounds upon which this Court's jurisdiction depends;

b) This Court cannot assume jurisdiction merely because this Court is requested to invoke the Declaratory Judgment Act, Pub.L. 94–455, 90 Stat. 1719, 28 U.S.C. §§ 2201, 2202 (1976), because said Act is not an independent source of jurisdiction, but is merely an additional remedy, if jurisdiction is already present.

**42**

c) This Court does not have jurisdiction of this matter pursuant to the Administration Procedure Act,. Pub.L. 89–544, 80 Stat. 392, 5 U.S.C. §§ 701–706 (1966), since said Act does not authorize an independent grant to this Court of subject matter jurisdiction to review the action of a U.S. Governmental Agency such as HUD. See *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

d) This Court does not have jurisdiction of this matter pursuant to 28 U.S.C. § 1331(a), i. e., this Court does not have Federal Question jurisdiction under the facts of this case. See *Lindy v. Lynn*, 501 F.2d 1367 (3d Cir., 1974); *American Fidelity Fire Insurance Co. v. Construcciones Werl, Inc.*, 407 F.Supp. 164 (V.I.1975).

e) This Court has no jurisdiction of this matter because the funds which purport to be the subject matter of this case were recaptured in a HUD general fund, reallocated, and spent prior to the institution of this law suit. It follows that it is impossible for this Court to grant the relief requested by the Plaintiff since the subject funds no longer exist. The Plaintiff does not ask for money damages.

██ 2. This Court has no jurisdiction over the suit of Plaintiff against RAAC for the reasons stated in Conclusion of Law No. 1 above, and for the following reasons:

a) RAAC has no legal duty to sell land to the Plaintiff without its consent under the above facts as found by this Court.

b) There is no diversity jurisdiction in this Court because both Plaintiff and RAAC are domiciled in Pennsylvania and RAAC's principal place of business is in Pennsylvania.

c) This Court has no jurisdiction to enforce the land use control provision of Urban Renewal Plan since such land use restrictions are recorded in the Recorder's Office of Allegheny County, Pennsylvania, and as such are enforceable only in the State Courts. See *Schwartz v. Urban Redevelopment Authority of Pittsburgh*, 416 Pa. 503, 206 A.2d 789 (1965).

## JUDGMENT ORDER

AND NOW, this 11th day of June, 1979, pursuant to the findings of fact and conclusions of law this day entered, IT IS ORDERED AND ADJUDGED that the above-captioned case be dismissed for want of Federal Jurisdiction.