## LOWER BRULE CONSTRUCTION CO., Plaintiff,

v.

## SHEESLEY'S PLUMBING & HEATING CO., INC. et al., Defendants.

### Civ. Nos. 87–3040, 87–3030.

United States District Court, D. South Dakota, C.D.

March 30, 1988.

David L. Bergren, Bergren & Duffy Law Offices, Fort Pierre, S.D., for plaintiff.

Randall R. Hodge, Rapid City, S.D., for defendant Sheesley's Plumbing & Heating Co., Inc.

Mary Maywalt, James Wagenlander, Wagenlander & Associates, Denver, Colo., Terry L. Pechota, Finch & Viken Law Offices, Rapid City, S.D., for defendant Standing Rock Housing Authority.

Thomas E. Lee, Poches & Lee, Fort Pierre, S.D., for defendant McGee Landscaping, Inc.

C.J. Bormann, Mobridge, S.D., for defendant West River Lumber.

Ray P. Murley, Office of U.S. Atty., Sioux Falls, S.D., for defendant U.S. Housing and Urban Development.

Gary F. Colwill, Schmidt, Schroyer, Colwill & Barnett, Pierre, S.D., for Fischer Sand.

Paul O. Godtland, Chamberlain, S.D., for defendant Farmers Union Oil Co.

Brent A. Wilbur, May, Adam, Gerdes & Thompson, Pierre, S.D., for defendant Valley Gas & Equipment Rental.

David J. Larson, Chamberlain, S.D., for defendant Tri–County State Bank.

David R. Vrooman, Sioux Falls, S.D., for defendant Stan Houston Equipment.

Mary T. Wynne, Rapid City, S.D., for Lower Brule Housing Authority.

---

Thomas F. Kelsch, Mandan, N.D., for Siegel Const. & Twin City Roofing.

## MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

On July 31, 1987, the defendant, Standing Rock Housing Authority (Housing Authority) petitioned this Court for removal of this action from the Fourth Judicial Circuit Court of South Dakota to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1442(a)(1). The Court may remand this action to state court pursuant to 28 U.S.C. § 1447(c) if it was removed improvidently.[1]

The facts of this case are set out in this Court's opinion filed this date in case number Civ. 87–3040, 84 B.R. 638. Briefly, this action arose out of a construction contract for the renovation of a low income housing project on the Standing Rock Sioux Indian Reservation. The three principal parties in the action are the owner of the project, Standing Rock Housing Authority (Housing Authority), the contractor, Lower Brule Construction Co. (Lower Brule), and Tri–Co. State Bank (Tri–Co), the issuer of an irrevocable, standby letter of credit to guarantee performance of the project. After the Housing Authority made a demand on the letter of credit, Tri–Co. filed this action in state court to determine its rights and liabilities under the letter. The Housing Authority petitioned this Court for removal of the action, and, upon the filing of a motion to remand the action by Tri–Co., this Court has considered whether the action was removed improvidently. The Court now finds that the action was removed improvidently and remands this action to state court.

Section 1441(b) provides in relevant part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). The Housing Authority asserts that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the letter of credit which is the subject of this suit was required under regulations promulgated by the U.S. Department of Housing and Urban Development (HUD).

A claim arises under the laws of the United States when "the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Lindy v. Lynn*, 501 F.2d 1367, 1369 (3rd Cir.1974); *see also Jemo Assocs., Inc. v. Greene Metropolitan Hous. Auth.*, 523 F.Supp. 186, 188 (S.D.Ohio 1981); *Ippolito–Lutz, Inc. v. Harris*, 473 F.Supp. 255, 259 (S.D.N.Y. 1979). While 42 U.S.C. § 1404a waives the sovereign immunity of the United States in actions against HUD, nothing in the United States Housing Act of 1937, codified as amended at 42 U.S.C. § 1401 *et seq.*, creates an independent basis for federal question jurisdiction. *See Jemo Assocs. Inc.*, *supra*, at 187.

Mere regulation of contracts related to low income housing projects is insufficient to create a federal question under 28 U.S.C. § 1331. *See id.* at 188 and cases cited therein; *Lindy, supra.* In addition, in *Ippolito–Lutz, Inc. v. Harris*, the United States District Court for the Southern District of New York held that it is irrelevant for purposes of determining federal question jurisdiction that contracts relating to housing projects regulated by HUD are executed on forms provided by the U.S. Public Housing Administration. 473 F.Supp. at 259. Courts confronting the issue of whether federal question jurisdiction exists in actions in which HUD is named as a defendant have failed to find federal question jurisdiction when the resolution of the dispute depends upon state

**1.** Section 1447(c) provides:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the state court. The state court may thereupon proceed with such case." 28 U.S.C. § 1447(c) (1982).

contract law. *See Jemo Assocs., Inc., supra,* at 188; *Penn State Constr. Co., Inc. v. Associated–East Mortgage Co.,* 457 F.Supp. 396, 399 (W.D.Penn.1978); *Lindy, supra,* at 1369. The issue for consideration has been stated as follows: "whether the federal elements [of a contract dispute] are merely ingredients of a larger state law claim or whether they predominate in the contractual dispute." *Jemo Assocs., Inc., supra,* at 188.

In *Jemo Assocs., Inc. v. Greene Metropolitan Hous. Auth.,* at housing developer sued HUD and a local housing authority when the developer's proposal was not accepted by HUD. In that case, the Secretary of HUD had endorsed mortgage notes in the construction project. 523 F.Supp. at 187–88. In dismissing the action for lack of subject matter jurisdiction, the district court followed *Lindy v. Lynn* in deciding that the suit was governed by state contract law and that the complaint failed to allege how and to what extent HUD was involved in the dispute. 523 F.Supp. at 188.

■ In this case, the housing project was regulated by HUD. The letter of credit in question contains the following provision: "This credit shall not be modified or amended except upon the written agreement of this Bank and the Standing Rock Housing Authority and then only with the written concurrence of the United States Department of Housing and Urban Development, Region 8." The letter also states that the credit can only be cancelled "by written concurrence of the United States Department of Housing and Urban Development, Region 8." There is no allegation that the letter of credit was ever modified, amended or cancelled. Thus, the complaint does not allege facts to show any involvement of HUD in the project, besides being mentioned in the letter. This action for the determination of rights under the letter of credit is purely a matter of state contract law. The fact that HUD regulated the project and was required to concur upon modification or cancellation of the letter is insufficient to give rise to federal question jurisdiction.

■ In addition to arguing that the action is removable under 28 U.S.C. § 1441(b), the Housing Authority alleges that the action is removable under 28 U.S.C. § 1442(a)(1). Section 1442(a)(1) provides:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue.

28 U.S.C. § 1442(a)(1). The Housing Authority argues that section 1442(a)(1) is applicable because the Housing Authority made demand on the letter of credit in question "under direction of an office of" HUD. The plain terms of section 1442(a)(1) reveal, however, that this argument must fail.

The Housing Authority is not an officer or an agency of the United States. Moreover, the Housing Authority does not allege it was "acting under" an officer of a federal agency. No officer of HUD is named in the Complaint or joined in the action. Thus, the Housing Authority could not remove this action under section 1442(a)(1).

The opinion of the United States District Court for the Northern District of Illinois in the case of *Home Sav. and Loan Ass'n v. Samuel T. Isaac Assocs., Inc.* suggests that section 1442(a)(1) might also be inapplicable because no claim has been made against either the Housing Authority or HUD that might subject them to liability. 496 F.Supp. 831, 834 (N.D.Ill.1980). The state court suit is essentially a suit for declaratory relief to determine what action Tri–Co. must take on the letter of credit. HUD and the Housing Authority have been named as defendants so that their corresponding duties, if any, upon payment of

the letter can be determined. Thus, as held in *Home Sav. and Loan Ass'n,* section 1442(a)(1) may be inapplicable because no claim has been made against an officer or agency of the United States.

In this case, there is no basis for subject matter jurisdiction, so removal was improper. The Housing Authority has not drawn the Court's attention to any federal statute or regulation that would operate to confer federal question jurisdiction over this action and the Court is aware of no such provision. Moreover, diversity of citizenship is not present in this action to permit removal under 28 U.S.C. § 1441(a). Removal under section 1441(a) also would be improvident because all defendants, as indispensable parties in the action, did not join in the removal petition. *See Universal Surety Co. v. Manhattan Fire & Marine Ins. Co.,* 157 F.Supp. 606, 610 (D.S.D.1958).

Because there is no basis for subject matter jurisdiction in this action, removal of this action was improvident and the Court orders that the action be remanded to state court for further proceedings pursuant to 28 U.S.C. § 1447(c). The above shall constitute the findings of fact and conclusions of law of the Court.