Joe Dean CRAWFORD, Plaintiff,

v.

Azadechehr MOKHTARI,
et al., Defendants.

Azadechehr MOKHTARI, Plaintiff,

v.

Joe D. CRAWFORD, Carrie H. Crawford,
Defendants. (Two Cases).

Civ. Nos. PJM 93–1908, PJM
93–2155 and 93–4114.

United States District Court,
D. Maryland.

Jan. 25, 1994.

Joe Dean Crawford, pro se.

Ronald G. Kane, Bethesda, MD, for plaintiff in Nos. 93–2155, 93–4114 and defendant Mokhtari in No. 93–1908.

Kenneth B. Tecler, Rockville, MD, for defendant Montgomery County, MD, Housing Opportunities Com'n in Nos. 93–2155 and 93–4114.

## OPINION

MESSITTE, District Judge.

### I.

These three cases, though not formally consolidated, arise out of a common nucleus of facts. Azadechehr Mokhtari owns a residence in Gaithersburg which she leases to Joe D. Crawford and his wife Carrie H. Crawford. Part of the Crawfords' rent is paid by the Housing Opportunities Commission of Montgomery County (HOC) pursuant to Section 8 of the United States Housing Act of 1937. *See* 42 U.S.C. § 1437, *et seq.*

The Crawfords commenced their lease in approximately April, 1992.

As part of its annual recertification process, HOC, beginning March, 1993, attempted to set up a time with the Crawfords at which their unit might be inspected. After two postponements by the Crawfords and a threat by HOC that the Crawfords would be terminated from the housing voucher program if they did not cooperate, HOC finally gained access and inspected the premises on May 12, 1993. On May 20, 1993, HOC sent Ms. Mokhtari a letter pointing out certain deficient conditions and noted her responsibility to make the repairs. On May 25, repairs having neither been made nor their need acknowledged, counsel for Ms. Mokhtari notified the Crawfords that the lease would be terminated effective June 30, "because your Lease has expired and the Landlord desires to have the premises returned to her." On June 30, however, Mr. Crawford, acting *pro se*, filed suit against 'Ms. Mokhtari in federal court, also naming HOC and the Circuit Court for Montgomery County as defendants, in which he sought immediate injunctive relief against his eviction, as well as damages for a number of alleged violations of federal and non-federal rights.[1] Within days, Ms. Mokhtari filed her own suit against the Crawfords in the District Court of Maryland for Montgomery County for failure to pay the rent. Alleging the existence of a federal question, the Crawfords, again acting *pro se*, sought and obtained removal to this Court.[2]

The question before the Court, which it has raised *sua sponte*, is whether any of these cases belong in federal court. Having received responses from the parties pursuant to orders to show cause why it should not remand these cases to state court, the Court concludes that subject matter jurisdiction is indeed lacking in PJM 93–2155 and PJM 93–4114, in their entirety, and in PJM 93–1908,

1. That suit is styled *Crawford v. Mokhtari, et al.*, Civil No. PJM 93–1908.

2. In this court, there are two rent collection suits, the first captioned *Mokhtari v. Crawford*, being Civil No. PJM 93–2155. Ms. Mokhtari originally filed a companion suit in the Montgomery County District Court for tenant holding over, which the Crawfords also sought to remove. The tenant holding over suit, however, was subsequently dismissed by Ms. Mokhtari voluntarily. Thereafter Ms. Mokhtari filed a second rent collection suit which the Crawfords, acting *pro se*, sought to remove, being Civil No. PJM 93–4114 in this Court.

as to all counts involving Ms. Mokhtari. It will accordingly remand PJM 93–2155 and PJM 93–4114 to the District Court for Montgomery County and dismiss without prejudice Counts III and IV of PJM 93–1908.

Prior to discussing the applicable law, it is relevant to recite something more about the history of these cases.

## II.

With regard to the rent collection suits which the Crawfords have sought to remove from state court (PJM 93–2155 and PJM 93–4114), Ms. Mokhtari not only did not oppose removal, she either consented to it or urged it herself. The question of subject matter jurisdiction has thus never been addressed in those cases.[3]

Similarly, in the federal suit originally brought by Mr. Crawford (PJM 93–1908)), until the Court's show cause order, no motion to dismiss had been filed by Defendants, so again the issue of subject matter jurisdiction is only now being considered.[4]

Throughout all this, the Crawfords have continued to reside on the leased premises, in recent months paying no rent, and refusing access not only to Ms. Mokhtari and her representatives, but also to inspectors from HOC and the City of Gaithersburg. Moreover, the Crawfords actively opposed Ms. Mokhtari's motion in PJM 93–2155 that they be required to make monthly payments of their disputed rent into escrow of Court, pursuant to Real Property Article § 8–118 of the Annotated Code of Maryland, as well as her motion in that case that she be granted immediate access to the premises to make appropriate repairs.[5] This whirlwind of litigative activity in what would seem to be a reasonably straightforward rent collection suit provides an important backdrop to the Court's analysis of the federal question.

## III.

The Court reviews this issue in light of the admonition of 28 U.S.C. Section 1447(c) that a district court shall remand a removed case to state court at any time before final judgment if "it appears that the district court lacks subject matter jurisdiction." Subject matter jurisdiction cannot be conferred by consent, *Sosna v. Iowa,* 419

---

**3.** In fact, a temporary restraining order was entered by the Court's predecessor in PJM 93–2155 (Harvey, J.), enjoining the Montgomery County District Court and Sheriff from evicting the Crawfords pending the outcome of the federal case.

**4.** In that suit as well, Mr. Crawford sought emergency injunctive relief against his eviction and a further order that Ms. Mokhtari make immediate repairs to the premises. (*Compare* n. 5, *infra,* which discusses the efforts of Mr. and Mrs. Crawford to *prevent* Ms. Mokhtari's access to the premises for the purpose of making repairs.) The Court's predecessor in PJM 93–1908 (Maletz, J.) declined to grant any relief.

**5.** The Court granted the interim relief requested by Ms. Mokhtari prior to its present decision regarding the removability of the rent collection cases to federal court. Inasmuch as the Court has determined to remand those cases to state court, as will be discussed presently, the Court's orders regarding payments into registry of court and access will be vacated. Nevertheless the Court feels it is appropriate to record the Crawfords' actions with regard to its orders prior to this decision to remand.

First, the notes of Judge Harvey, who previously handled PJM 93–2155, reflect that, when the motions were first calendared to be heard in October, 1993, Mr. Crawford at the last moment called to say he had been in a traffic accident and could not attend. Next, when this member of the Court through a law clerk contacted Mr. Crawford in early December to attempt to set a hearing on the referenced motions, Mr. Crawford would not agree to a hearing date, stating that the Court should "put it in writing." Further attempts by the Court to reach Mr. Crawford, which were made within hours, were unsuccessful because his telephone was apparently not functioning. At the Court's direction, written notice of the hearing was eventually sent to the Crawfords via the office of Ms. Mokhtari's counsel, Mr. Kane. At the December 10, 1993 hearing on the motions, Mr. and Mrs. Crawford appeared neither in person nor through counsel. Further, Mr. and Mrs. Crawford refused to comply with the Court's Orders granting the motions, in particular absenting themselves from the premises on the date appointed for access, asserting that the Court had lost jurisdiction over the matter by reason of their appeal of the Court's Orders. However, no stay of the Orders was ever entered by the Court. In short, the Court's Orders were simply ignored. While the Court has determined to impose no sanctions upon Mr. and Mrs. Crawford on account of these consistently uncooperative actions, the fact of their occurrence may be deemed relevant to the further proceedings in state court.

U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) nor is it waivable, *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1905). The Court, moreover, has an obligation to act *sua sponte* with regard to the propriety of such jurisdiction. *Id.*

### IV.

There is no question that a defendant sued in state court may under appropriate circumstances remove the case to federal court when a federal question is presented. 28 U.S.C. Section 1441(b). The Crawfords contend that the federal question in Ms. Mokhtari's rent collection suits arises because they are tenants in federally assisted public housing and because the case cannot be decided without interpretation of the United States Housing Act of 1937 and related federal housing acts. Among other things, they argue, those regulations may determine that the amount of rent due from them is less than that sought by Ms. Mokhtari. The Crawfords also attempt to frame a federal question in PJM 93–2155 by having HOC joined as an indispensable party in this Court, alleging that HOC violated their due process and equal protection rights.

These arguments misapprehend the law of removal.

First and foremost for removal purposes, it is the complaint as framed by the plaintiff in state court that determines whether a federal question is present. *Louisville & Nashville R.R. v. Mottley, supra.* A defendant may not raise a federal question for removal purposes in his defense; it is the plaintiff who must frame it. *See Franchise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Nor can a defendant avoid this restriction by attempting to join a third party and asserting a federal counter-claim as to that party. *See e.g. Alabama Department of Environmental Management v. Southern Clay and Energy,* 737 F.Supp. 80 (N.D.Ala.1990); *Croy v. Buckeye International, Inc.,* 483 F.Supp. 402 (D.Md.1979). A claim, moreover, is one "arising under" the laws of the United States only when:

"(t)he complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition."

*Lindy v. Lynn,* 501 F.2d 1367, 1369 (3d Cir.1974).

As the Supreme Court observed in *Merrill Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986):

"Mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."

*American Fidelity Fire Insurance Company v. Construcciones Werl,* 407 F.Supp. 164, 186–187 (D.C.V.I.1975) speaks directly to the type of case at hand:

"The fact that sections of the National Housing Act or its implementary regulations are invoked by the parties does not magically transform this action into one arising under the laws of the United States."

*See also Lindy v. Lynn, supra; Lower Brule Construction Co. v. Sheesley's Plumbing Heating Company,* 682 F.Supp. 1039 (D.S.D.1988); *Jemo Associates, Inc. v. Greene Metropolitan Housing Authority,* 523 F.Supp. 186 (S.D.Ohio 1981), *Ippolito–Lutz, Inc. v. Harris,* 473 F.Supp. 255 (S.D.N.Y. 1979); *Penn State Construction Company v. Associated–East Mortgage Company,* 457 F.Supp. 396 (W.D.Penn.1978).

With approval of federal courts, state courts in eviction proceedings have always interpreted and applied the provisions of federal law pertaining to low income housing. *See e.g. Swann v. Gastonia Housing Authority,* 675 F.2d 1342 (4th Cir.1982); *Joy v. Daniels,* 479 F.2d 1236 (4th Cir.1973); *Caulder v. Durham Housing Authority,* 433 F.2d 998 (4th Cir.1970); *McQueen v. Druker,* 317 F.Supp. 1122 (D.Mass.1970) (Wyzanski, C.J.); *see also Green v. Copperstone Limited Partnership,* 28 Md.App. 498, 346 A.2d 686 (1975). Federal courts have involved themselves in state proceedings of this nature when a procedure is challenged broadside as, for example, when it has become necessary

to establish that a federally assisted low-income housing tenant can only be evicted for good cause, not merely because his lease term has come to an end. *See e.g. Swann, supra; Joy, supra; Caulder, supra; McQueen, supra.* But there is no precedent for federal jurisdiction where, as here, a defendant-tenant complains that the landlord has committed fraud or breach of contract or that the tenant owes less rent than is claimed and the tenant seeks removal to the federal court for a decision on the merits of a rent suit. Even if federal law has some bearing upon these issues, *e.g.* the amount of rent due, the federal component in such circumstance is merely an ingredient in a case otherwise dominated by state law issues.

As the U.S. Court of Appeals for the Fourth Circuit stated in *Perry v. Housing Authority of City of Charleston,* 664 F.2d 1210 (4th Cir.1981):

> "It would be hard to find an area of the law in which states have a greater interest or have had greater involvement than in the area of landlord-tenant ... Complaints of excessive rent, improper maintenance and unlawful evictions are cognizable in the state courts, but have no basis for remedy under federal law...."

664 F.2d at 1216.

In the state court, without question, as the Maryland Court of Special Appeals pointed out in *Green v. Copperstone Limited Partnership, supra,* the landlord of the federal low-income housing tenant will have to demonstrate "good cause" for any eviction (a question primarily of state law), while the tenant will have available (again, depending largely on state law) the right to a jury trial, as well as such defenses as inadequate notice, failure to join necessary parties, and even the defense that the rent claimed due is incorrect in amount. Again, the Fourth Circuit, this time in *Joy v. Daniels,* 479 F.2d 1236 (4th Cir.1973) disposes:

> "State judges are bound as are we by the due process clause of the fourteenth amendment."

479 F.2d at 1242.

In sum there was and is no jurisdiction in the federal court to entertain the matters that Mr. Crawford asserts against Ms. Mokhtari in the rent collection suit; hence PJM 93–2155 and PJM 93–4114 will be remanded to the District Court of Maryland for Montgomery County. In remanding PJM 93–2115, the Court will vacate orders previously entered in that case, including Judge Harvey's temporary restraining order dated August 17, 1993, against the Crawfords being evicted; this Court's Order dated December 14, 1993, that the Crawfords make monthly payments of disputed rent into Registry of Court; and this Court's Order of December 14, 1993, granting Ms. Mokhtari and others access to the rented premises for the purpose of accomplishing repairs. The vacating of these Orders, however, will be without prejudice, since all these matters are properly addressed to the discretion of the state court.[6]

■ As to Mr. Crawford's original suit in this Court (PJM 93–1908), Counts III and IV, alleging respectively fraud and breach of contract against Ms. Mokhtari, also belong, if anywhere, in state court; hence, the Court will dismiss those Counts without prejudice to their being refiled in state court.

Finally, the Court in no way intends to imply that such causes of action against HOC as remain in PJM 93–1908 actually state valid claims. Since Defendant HOC has already filed a Motion to Dismiss or in the Alternative for Summary Judgment and other relief, once the time for Mr. Crawford's response has run, the Court will consider what part, if any, of his suit against HOC survives.

Appropriate Orders will be entered in these cases.

---

6. Any other motions pending in Civil No. PJM 93–2155 are rendered moot by the remand.