**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1392
_____

ALLYSON WALLACE,
                                        Appellant

v.

EASTER JONES; JON DOES 1–5; NATIONWIDE INSURANCE COMPANY;
ROSEMARY B. MITCHELL, EXECUTRIX OF THE ESTATE OF JULIA B.
MITCHELL; THE ESTATE OF JULIA B. MITCHELL

_____

On Appeal from the United States District Court
for the District Court of New Jersey
(D.C. No. 2:22-cv-04833)
District Judge: Honorable Brian R. Martinotti

_____

Submitted for Possible Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on August 17, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: September 21, 2023)

_____

PER CURIAM

Pro se appellant Allyson Wallace sued her neighbors and an insurance company for damage to her house caused by a fire. The District Court, reviewing the matter under 28 U.S.C. § 1915(e)(2)(B), concluded that it lacked subject matter jurisdiction because the complaint did not present a federal question and because Wallace had not pleaded diversity jurisdiction. It dismissed Wallace's amended complaint, but granted her leave to file a second amended complaint within 14 days. Wallace did so, but the District Court dismissed it for the same reason, entering an order to this effect on September 27, 2022. Wallace filed her notice of appeal on February 27, 2023.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm when no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Upon review of Wallace's complaint and brief in support of appeal, we concur with the District Court's conclusion that it lacked subject matter jurisdiction. Although Wallace maintains that her complaint presents a federal question, it concerns negligent

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The appeal is timely pursuant to the separate judgment rule. See Fed. R. App. P. 4(a)(7).

fire damage and a contractual dispute with an insurance company, which are matters of state law. See Lindy v. Lynn, 501 F.2d 1367, 1369 (3d Cir. 1974) (finding a lack of jurisdiction because the case presented was "purely one as to the correct interpretation and effect of certain contractual documents, an ordinary contract dispute to be determined by the application of the principles of [state] contract law"). Nothing in her complaint suggests that any federal statute or other law applies. Likewise, the District Court lacked diversity jurisdiction. Not only did Wallace fail to affirmatively plead the citizenship of all parties, but it is clear from the face of her complaint that the defendants include her neighbors. See 28 U.S.C. § 1332(a)(1); Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Management, Inc., 316 F.3d 408, 410 (3d Cir. 2003) ("Jurisdiction under 28 U.S.C. § 1332(a)(1) (2001) requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants.").

Because the District Court lacked subject matter jurisdiction, we will affirm its order dismissing Wallace's complaint.